M. Elizabeth **GARDINER, Plaintiff,**

v.

**UNITED STATES of America,**
Defendant.

**No. C 74–125.**

United States District Court,
D. Utah, C. D.

March 7, 1975.

J. Jay Bullock, Salt Lake City, Utah, for plaintiff.

Scott P. Crampton, Stanley F. Krysa, and Robert L. Baker, Washington, D. C., for defendant.

## MEMORANDUM OPINION

ALDON J. ANDERSON, District Judge.

This is a civil action which comes before the court on a written stipulation of facts and briefs submitted by both parties. Jurisdiction is predicated upon 28 U.S.C. § 1346. Plaintiff seeks recovery of Federal income taxes and interest thereon that she alleges were erroneously, illegally and excessively assessed and collected from her by defendant. The stipulated facts are summarized as follows.

Plaintiff is a United States citizen residing in Salt Lake City, Utah. In 1963 she purchased certain property subject to depreciation under 26 U.S.C. § 167(a), but the Federal income tax returns filed by plaintiff for the years 1964, 1965, and 1966 claimed no depreciation deductions with respect to the property. Plaintiff duly and timely

filed her Federal income tax returns for the years 1964, 1965 and 1966 and paid taxes in the amounts of $2,661.00, $4,858.00 and $4,966.00 for the respective years. In 1971 plaintiff sold the property and on her Federal income tax return for 1971 reported a loss with respect to the sale as a result of subtracting from the sales price an amount equal to the original cost of the property, reduced by depreciation claimed on her tax returns for the years 1967, 1968, 1969 and 1970. The original cost was not reduced by depreciation for the years 1964, 1965 and 1966. Plaintiff's reported loss on the sale of the property on her 1971 Federal income tax return was as follows:

| | | | |
|---|---|---|---|
| Sales Price | | | $27,000.00 |
| Less Basis: | | | |
| Cost | | $60,694.00 | |
| Less Depreciation Allowed: | | | |
| 1967 | $7,586.79 | | |
| 1968 | $7,586.79 | | |
| 1969 | $7,586.79 | | |
| 1969 | $7,586.79 | | |
| 1970 | $7,586.79 | | |
| Total Depreciation Allowed: | | $30,347.16 | |
| Basis | | | 30,346.84 |
| Loss | | | ($ 3,346.84) |

The Internal Revenue Service (hereinafter I.R.S.) recomputed the transaction and held that the sale of the property generated a taxable gain to be reported as follows:

| | | | |
|---|---|---|---|
| Sales Price | | | $27,000.00 |
| Less Basis: | | | |
| Cost | | $60,694.00 | |
| Less Depreciation Allowable: | | | |
| 1964 | $7,586.79 | | |
| 1965 | $7,586.79 | | |
| 1966 | $7,586.79 | | |
| 1967 | $7,586.79 | | |
| 1968 | $7,586.79 | | |
| 1969 | $7,586.79 | | |
| 1970 | $7,586.79 | | |
| Total Depreciation Allowable: | | 53,107.53 | |
| Basis | | | 7,586.47 |
| Gain | | | $19,413.53 |

The only difference between the loss reported on the 1971 Federal income tax return and the gain as corrected by the I.R.S. is a reduction of the basis of the property sold, by the depreciation allowable in 1964, 1965, and 1966, that was

not claimed by the plaintiff on her Federal income tax returns for those years.[1]

When it was discovered by plaintiff that depreciation for 1964, 1965 and 1966 was not claimed with respect to such property on her returns as filed, she filed a claim for refund of Federal income taxes paid for those respective years for $2,182.00, $2,828.00 and $2,836.00, plus interest thereon. These claims were denied by the I.R.S. because they were not timely filed. The statute of limitation, 26 U.S.C. § 6511(a), bars claims filed by a taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever expires the later.

■ The parties agree that the only question before this court is whether sections 1311 through 1314 of the Internal Revenue Code can be employed in this case to "reopen" the tax years of the plaintiff, although such years are otherwise barred by the statute of limitations. Defendant concedes that a "determination" has been made as required by section 1311 and the applicable procedural requirements have been satisfied. Therefore, the determination of the sole issue in this case depends upon whether or not there has been a circumstance of adjustment as specified by section 1312.

■ Plaintiff argues that she can avoid the applicable statute of limitations by showing a circumstance of adjustment in either of sections 1312(1), (4) or (7). The court is of the view that if plaintiff is to prevail at all she must do so within the confines of section 1312(7). Plaintiff's claim concerns an adjustment to basis, and as such,

should be considered under section 1312(7) which is addressed specifically to basis problems. This principle was recognized by the court in United States v. Rushlight, 291 F.2d 508, 515 (9th Cir. 1961):

> Taxpayers argue the applicability of two circumstances of adjustment— Section 3801(b)(1) and Section 3801(b)(5) [predecessors to Sections 1312(1) and 1312(7), respectively]. We view this appeal as presenting basically problems of inconsistent treatment of basis, and as such, we think it should be considered under Section 3801(b)(5), a circumstance of adjustment addressed specifically to problems of basis, although we are aware of the decision of the Court of Claims in M. Fine & Sons Mfg. Co. v. United States, 1958, 168 F.Supp. 769, 144 Ct. Cl. 46, in which a somewhat analogous situation was treated under Section 3801(b)(1).

For plaintiff to come within the confines of section 1312(7), the following four requirements must be met:

(1) There must be a determination of basis;

(2) There must exist either a transaction upon which such basis depends or a transaction which was erroneously treated as affecting basis as set forth in section 1312(7)(A);

(3) The transaction must have occurerd with respect to a described taxpayer as set forth in section 1312(7)(B); and

(4) In respect to the transaction there must have been one of the described errors in section 1312(7)(C).

The government concedes that the failure to deduct allowable depreciation,

---

1. The plaintiff and defendant agree that (1) section 1001 of the Internal Revenue Code requires that gain or loss from the sale of property be computed by subtracting from the amount realized from the sale, the adjusted basis of the property, (2) section 1016(a)(2) requires that the adjusted basis of property be computed by reducing the cost or other basis of the property by the amount allowed as a deduction for depreciation but such reduction shall be "not less than the amount allowable", and (3) consequently the gain to be recognized on the 1971 Federal income tax return of the plaintiff is $19,413.53, as computed by the I.R.S. which resulted in additional tax for 1971 of $6,507.62.

along with the procedural steps taken by plaintiff in this case, meets requirements (1) and (3) above. However, the government contends that under the facts in this case neither requirement (2) nor (4) can be shown. The determinative issues then become: Does the failure to take allowable depreciation constitute a "transaction which was erroneously treated as affecting . . . basis" within the meaning of the word as used in section 1312(7)(A)· of the statute? and Does this situation constitute one of the enumerated errors in section 1312(7)(C)?

## EXISTENCE OF A "TRANSACTION"

■■ Although depreciation is indisputably an item upon which basis depends (see section 1016(a)(2) of the Internal Revenue Code), the ordinary English signification of the words of section 1312(7) do not appear to make the failure to take allowable depreciation a "transaction" within the meaning of the statute. Depreciation would seem to constitute a "transaction affecting basis" only in an economic or accounting sense. The court interprets "transaction affecting basis" to contemplate a business transaction in the ordinary sense, e. g., a sale, purchase, acquisition or exchange—not a mere bookkeeping entry designed to reflect the recovery of capital. Granger v. United States, 3 A.F.T. R.2d 361 (S.D.Cal.1958). This construction of the section seems to conform to the legislative intent underlying the adoption of the mitigation provisions. The exception to the operation of the statute of limitations seems precisely confined to a few predetermined cases, and although regrettably narrow, the court must recognize the purpose of the statute of limitations which is to prevent the litigation of stale claims.

■ Even if "transaction affecting basis" were interpreted in a manner favorable to plaintiff's position, there would still need to be present one of the enumerated errors of section 1312(7)

(C) before the mitigation provisions could be invoked to reopen the barred years in question

## PRIOR ERRONEOUS TREATMENT UNDER SECTION 1312(7)(C)

Section 1312(7)(C) provides:

Prior erroneous treatment.—With respect to a taxpayer described in subparagraph (B) of this paragraph—

(i) there was an erroneous inclusion in, or omission from, gross income,

(ii) there was an erroneous recognition, or nonrecognition, of gain or loss, or

(iii)· there was an erroneous deduction of an item properly chargeable to capital account or an erroneous charge to capital account of an item properly deductible.

The determination of whether there has been an erroneous inclusion in gross income within (i) above, depends in part upon section 61 of the Internal Revenue Code which defines gross income as follows:

Gross Income defined

(a) General definition.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, and similar items;

(2) Gross income derived from business;

(3) Gains derived from dealings in property;

(4) Interest;

(5) Rents;

(6) Royalties;

(7) Dividends;

(8) Alimony and separate maintenance payments;

(9) Annuities;

(10) Income from life insurance and endowment contracts;

(11) Pensions;

(12) Income from discharge of indebtedness;

(13) Distributive share of partnership gross income;

(14) Income in respect of a decedent; and

(15) Income from an interest in an estate or trust.

Section 71 et seq. of the Code lists other items to be specifically included in gross income and section 101 et seq. of the Code lists items that are specifically excluded from gross income. These statutory provisions make it clear that gross income includes income from whatever source derived, unless specifically exempted. Gross income is the initial figure, in the computation of income tax, which draws together all income. Depreciation is generally a deduction from gross income and not an inclusion in this figure. The failure to take allowable depreciation would overstate "adjusted gross income" (section 62 of the Internal Revenue Code)—an intermediate figure somewhere between gross income and taxable income which may be defined generally as gross income minus business deductions—because depreciation is a deduction from, rather than an inclusion in gross income. The facts in this case do not show a particular item

of income that was erroneously included in gross income in the years in question.

As authority for the contention that allowable depreciation not claimed in a previously barred year constitutes an erroneous inclusion in gross income as provided in section 1312(7)(C)(i), plaintiff cites M. Fine & Sons Manufacturing Co., Inc. v. United States, 168 F. Supp. 769, 144 Ct.Cl. 46 (1958) (hereinafter *M. Fine*).[2] The government argues that *M. Fine* was incorrectly decided, but further points out that it is distinguishable from the instant case. Without expressing an opinion on the correctness of the result in *M. Fine*, the court agrees that it is different from the instant case because of the treatment of factory depreciation as it relates to the cost of goods sold in *M. Fine* contrasted to non-factory depreciation in the instant case.

In *M. Fine* factory depreciation was considered by the court as an integral, constituent element of the plaintiff's cost of goods sold in determining its gross income—not a deduction from gross income. This is in harmony with the general procedure used to arrive at a gross income figure in a manufacturing business. In a manufacturing business, gross income is usually the same as gross profit, not gross receipts. Gross profit is often thought of as the total receipts from sales minus the cost of the goods sold. The cost of goods sold would include the entire factory cost—materials, direct labor, and factory overhead, including depreciation *attributable*

2. In *M. Fine* a taxpayer was given a factory in 1944 by a local chamber of commerce. No depreciation was claimed during several of the subsequent years the factory was held by the taxpayer. In 1947 the factory was sold and a zero basis was reported and the entire proceeds were treated as gain. In 1950 the taxpayer filed claims for refund seeking, among other things, to include the chamber of commerce's basis of $76,000 to reduce the gain on the sale. The Internal Revenue Service allowed the claim for refund except that it reduced the taxpayers basis by the depreciation allowable but not taken on the factory for the years 1944 through 1946. The taxpayer then filed subsequent claims for refund based upon the mitigation provisions of the Internal Revenue Code seeking to reopen the years 1944 through 1946 to deduct the depreciation allowable as an item of cost of goods sold but not taken. The court held that the mitigation provisions should reopen the previously barred years because the erroneous omission of factory depreciation from the computation of its cost of goods sold resulted in an overstatement of the taxpayer's gross income for the years in question.

**1208**

to *manufacturing processes*—applicable to goods manufactured and sold. Thus, the line of computation to gross income through to adjusted gross income would be computed as follows in a manufacturing business:

Gross sales or gross receipts
    Minus costs of goods sold (including factory depreciation)
___
Gross income
    Minus business deductions (including any non-factory depreciation)
___
Adjusted Gross Income

In the instant case, which involves property held for the production of rent, depreciation would enter the calculation as follows:

Gross Income
    Minus business deductions (including depreciation—*See* section 62
                    (5) of the Internal Revenue Code)
___
Adjusted Gross Income

---

In the case of a manufacturing business, unclaimed factory depreciation could arguably understate the cost of goods sold which would then result in an overstatement of gross income. The court in *M. Fine* considered this to be an erroneous inclusion in gross income. However, in the instant case which involves property held for the production of rents, depreciation is a deduction from gross income, and therefore, cannot be considered to be erroneous inclusion in gross income.

The facts now before the court also fail to bring the instant case within the purview of the other two enumerated errors of section 1312(7)(C). There has been no erroneous recognition or nonrecognition of gain or loss, or an erroneous deduction of an item properly chargeable to capital account or an erroneous charge to capital account of an item properly deductible.

What plaintiff contends for in this case may appear to be equitable and reasonable, but Congress has not seen fit to cover it in the statute. The area that is now covered by the mitigation provisions in question is specifically and particularly defined and allowable depreciation not taken by a taxpayer in a previously closed year is not provided for. Not every error that is discovered after the statute of limitations has run will bring into play the mitigation sections of the Code. The exceptions to the operation of the statute of limitations seem to be confined by Congress to a few predetermined cases. Accordingly, the court concludes that plaintiff has not met the prerequisites of section 1312(7) as herein discussed and consequently the mitigation provisions of the Internal Revenue Code in question cannot operate to open the barred years in this case. Therefore,

It is hereby ordered that judgment be entered against plaintiff and in favor of defendant.