M. Elizabeth GARDINER,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 75-1504.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted April 13, 1976.

Decided June 3, 1976.

904

J. Jay Bullock, Salt Lake City, Utah, for plaintiff-appellant.

Dennis M. Donohue, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Elmer J. Kelsey, Attys., Tax Div., Dept. of Justice, Washington, D.C., and Ramon M. Child, U.S. Atty., Salt Lake City, Utah, on the brief), for defendant-appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

DOYLE, Circuit Judge.

This is a so-called income tax refund action in which the plaintiff-taxpayer sought recovery of allegedly erroneously or illegally paid taxes. The claim involves the tax years 1964, 1965 and 1966, and the amount in controversy is $7,846 together with interest. The claim was filed on September 6, 1973, and on April 15, 1974, the action in district court was filed. Thereafter, on March 7, 1975, the district court entered judgment in favor of the government. 391 F.Supp. 1202 (D.Utah 1975). Thereupon, a notice of appeal was filed and the appeal has now been perfected.

The problem arises out of the taxpayer's failure to deduct allowable depreciation for the years 1964, 1965 and 1966.

In the year 1963 the taxpayer purchased property which was subject to depreciation under Section 167 of the Internal Revenue Code of 1954. Notwithstanding that depreciation was allowable, plaintiff, in the tax years 1964, 1965 and 1966, did not claim depreciation deductions with respect to the property. (In subsequent years she did claim depreciation.) She filed her income tax returns for these years and paid taxes amounting to $2,661 for 1964; $4,858 for 1965; and $4,966 for 1966. When she sold the property in 1971 she did not reduce the basis by the depreciation which was allowed but not claimed for the years 1964, 1965 and 1966. As she figured it, she had a loss in the amount of $3,346.84. In the recomputation of the transaction the IRS determined that the sale of the property produced a taxable gain rather than a loss. It reached this conclusion by adding depreciation allowance of $7,586.79 for each of the years 1964, 1965 and 1966. As a result of the reduction of the basis by the inclusion of depreciation for these years, there resulted a taxable gain in the amount of $19,413.53. Appellant paid additional income tax as a

result of the adjustment by the Internal Revenue Service.

When appellant discovered that she had failed to claim depreciation for the mentioned years, she filed a claim for refund of federal income taxes paid for those years in the amounts of $2,182, $2,828 and $2,836. The position of the Internal Revenue Service is that the statute of limitations, Section 6511(a) of the Internal Revenue Code of 1954, bars claims filed by a taxpayer after three years from the time the return was filed or two years from the time the tax was paid. The claim in question was not made until September 6, 1973, which is outside the statute of limitations.

Appellant argues that Sections 1311–1314 of the Internal Revenue Code are available to allow the case to be reopened even though such years would be otherwise barred by the statute of limitations. The procedural requirements for the application of the mentioned mitigation sections are met. Therefore, the sole issue for determination is whether or not the sections relied on by the plaintiff for relief, namely Sections 1311–1314, but, particularly, Section 1312(1) or (7), apply.

The trial court gave full consideration to the appellant's contention and in a fully reasoned opinion gave judgment to the government. In essence, the court determined that the failure to take allowable depreciation did not constitute a "transaction which was erroneously treated as affecting basis."

The contentions of appellant on this appeal are:

1. That the fact situation here qualifies as a circumstance of adjustment as described in Section 1312(1), and

2. As an adjustment of the basis of property after erroneous treatment of a prior transaction within the meaning of Section 1312(7).

Appellant would then give a broad interpretation to Sections 1311–1315, an interpretation which would broadly allow correction of an error made in the inclusion of income or in the allowance or disallowance of a deduction or in the tax treatment "of a transaction affecting the basis of property, whereby such error can be corrected notwithstanding the ordinary period of limitations is run."

I.

## THE ARGUMENT IN SUPPORT OF APPLICABILITY OF SECTION 1312(1)

Section 1312(1)[1] defines a circumstance in which adjustment is to be made and that is where there has been double inclusion of an item of gross income resulting from a determination by the IRS or a court requiring the inclusion in gross income of an item which was earlier erroneously included in the gross income of the taxpayer for another year. E.g., *M. Fine & Sons Mfg. Co. v. United States,* 168 F.Supp. 769, 144 Ct.Cl. 46 (1958). In *Fine* the taxpayer was given a factory by the local Chamber of Commerce. A few years later the factory was sold. IRS policy was that the donated factory had a zero basis and, therefore, no deductions for depreciation were allowed. When the factory was sold, the Fine Company computed its gain and paid the tax using the zero basis. Subsequently, the Supreme Court held in *Brown Shoe Co. v. Commissioner,* 339 U.S. 583, 70 S.Ct. 820, 94 L.Ed. 1081 (1950), that a taxpayer which received property from a community as an inducement to locate or expand its operations in the area was entitled to deductions for depreciation; that the basis in the hands of the taxpayer was the cost to the donating community. Thereupon, the Fine Company filed a claim for refund for the year of the sale, contending that its basis for the factory had been the

1. The provision reads:
   "The circumstances under which the adjustment provided in Section 1311 is authorized are as follows:
   (1) *Double inclusion of an item of gross income.*—The determination requires the in-

clusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer."

cost to the Chamber of Commerce. The Commissioner agreed in part with the Fine Company and allowed the Company to use the donating community's cost basis, reduced by the previously disallowed annual depreciation, in computing the gain from the sale. He rejected the company's claim for refund for the prior years' disallowed depreciation. A suit was thereupon filed in the Court of Claims, relying on Section 1312(1). That court ruled that the disallowance of depreciation resulted in an erroneous inclusion in gross income, thus making the mitigation provisions applicable. Our case differs factually from *Fine*.

The Internal Revenue Service argues that Section 1312(1) is inapplicable. The section is activated by inclusion of an item of gross income required by the Commissioner to be included, notwithstanding that it was erroneously included in gross income in a previous year. The IRS says that this is not present here. The failure to take deductions for allowable depreciation does not constitute an erroneous inclusion in the taxpayer's gross income in another tax year.

The meaning of an *item* of gross income is, under Section 61 of the 1954 Code, limited to specific items and does not include everything that results in an increase in tax. It is restricted to positive items and does not include negative elements such as deductions (like depreciation), the omission of which results in increased taxes.

The *Fine* case does not support appellant's position. The Court of Claims there considered that factory depreciation was a constituent element of the taxpayer's cost of goods in determining its gross income and was not a simple deduction. Such an analysis would not apply here because our case is not concerned with the computation of gross income based upon cost of goods sold.

In our view depreciation is not part of the computation of gross income. Rather, it represents a deduction applicable to gross income.

In addition to this difference, it is to be conceded that our general approach to the issue differs from that which was followed by the Court of Claims in *Fine*.

## II.

### WHETHER THE FAILURE TO CLAIM ALLOWABLE DEPRECIATION DEDUCTIONS FOR THE YEARS 1964, 1965 AND 1966 QUALIFIES AS A CIRCUMSTANCE OF ADJUSTMENT UNDER SECTION 1312(7)

The alternative contention of the taxpayer is that Subsection (7) of Section 1312 of the Revenue Act of 1954, which is entitled "Basis of property after erroneous treatment of a prior transaction", applies in the instant case to relieve the taxpayer by permitting reopening (notwithstanding the statute of limitations) the returns for the taxable years 1964, 1965 and 1966.[2]

Subsection (7) provides for an adjustment in a situation where the determination of the taxpayer's later year tax liability establishes the basis of property and in respect of any transaction on which such basis depends or in respect of any transaction which was erroneously treated as affecting such basis, there occurred with respect to the

---

**2.** The provision reads:
(A) General rule.—The determination determines the basis of property, and in respect of any transaction on which such basis depends, or in respect of any transaction which was erroneously treated, as affecting such basis, there occurred, with respect to a taxpayer described in subparagraph (B) of this paragraph, any of the errors described in subparagraph (C) of this paragraph.
(B) Taxpayers with respect to whom the erroneous treatment occurred.—The taxpayer with respect to whom the erroneous treatment occurred must be—

(i) the taxpayer with respect to whom the determination is made.
    \*       \*       \*       \*       \*       \*
(C) Prior erroneous treatment.—With respect to a taxpayer described in subparagraph (b) of this paragraph—
(i) there was an erroneous inclusion in, or omission from, gross income,
(ii) there was an erroneous recognition, or nonrecognition, of gain or loss, or
(iii) there was an erroneous deduction of an item properly chargeable to capital account or an erroneous charge to capital account of an item properly deductible.

taxpayer any of the type of errors described in Paragraph (C) of that subsection, such as an erroneous inclusion or omission from gross income under Subparagraph (i); or an erroneous recognition or non-recognition of gain or loss under Subparagraph (ii); an erroneous deduction of an item properly chargeable to a capital account; or an erroneous charge to a capital account of an item properly deductible, under Subparagraph (iii).

Section 1312(7) deals then with a capital transaction and relief available in connection with such a transaction where certain errors have taken place affecting the basis of property or in respect of any transaction which was erroneously treated as affecting such basis. The aforementioned errors contained in Subparagraph (C) are summarized above.

■ The district court here ruled that the failure to take an allowable deduction for depreciation, which is the situation here, did not constitute a transaction within the meaning of the section. The court explained that the word transaction contemplates a business transaction in the ordinary sense. For example, a sale, purchase, acquisition or exchange. The court's reasoning was that the failure to take an allowable deduction for depreciation does not quality under the definition of transaction.

The cases of *United States v. Rushlight*, 291 F.2d 508 (9th Cir. 1961) and *Granger v. United States*, 3 A.F.T.R.2d 361 (S.D.Cal. 1958), recognize that the neglect of the taxpayer to claim depreciation does not constitute a transaction within the meaning of Section 1312(7)(A).

The court was correct then in construing the term "transaction" as meaning business transaction in the ordinary sense of the term such as distributions, sales, purchases, dispositions, acquisitions or exchanges. The failure to make a particular entry falls far short of being a sale, an exchange or transfer, and hence it cannot be considered in and of itself a transaction. At most it is one small element of an entire or whole transaction.

■ There is another reason why the appellant does not qualify under Section 1312(7). None of the errors which are set forth in (C) of Section 1312(7) are present here. There is no erroneous inclusion or omission of gross income (*see* the discussion in Part I above), (C)(i); nor is there an erroneous recognition or non-recognition of gain of loss, (C)(ii); nor is there an erroneous deduction of an item which should have been capitalized or vice versa, (C)(iii).

■ Appellant argues that the failure to claim allowable depreciation constitutes an erroneous deduction of an item properly chargeable to capital account or is an erroneous charge to a capital account of an item properly deductible, (C)(iii). We do not see failure to claim allowable depreciation as a circumstance in which the cost of property was initially erroneously added at the time of purchase to a capital account instead of being currently deducted in full in the year of said purchase. The cost of the property here at issue is not deductible in full in the year of purchase. Where there is an erroneous charge to capital account of property depreciable or subject to amortization, the taxpayer then simply recovers the cost of the property through depreciation allowance for the useful life of the property. He does not fully deduct it in the year of purchase. The instant case, in which the taxpayer failed by oversight to claim an allowable depreciation allowance on a capital item, just does not fall within the deduction/capitalization dichotomy of Section 1312(7)(C)(iii).

Appellant relies on our decision in *Oklahoma Gas and Electric Company v. United States*, 464 F.2d 1188 (10th Cir. 1972), *aff'g* 333 F.Supp. 1178 (W.D.Okla.1971). In *Oklahoma Gas*, the taxpayer was accorded relief under the mitigation provisions for the erroneous capitalization of sales and use taxes paid in the acquisition of certain machinery, subparagraph (7)(C)(iii) of Section 1312. (Federal Power Commission regulations required the capitalization of such expenses on the utility's books; until Oklahoma Gas changed accounting firms in 1957 it capitalized such expenditures for tax accounting

purposes as well.) Unlike the depreciation involved in the instant case, Oklahoma Gas' sales and use tax expenses were fully deductible in the year incurred, and, thus, appellant's reliance on that decision is misplaced.

Contrary to the appellant's contention, the Ninth Circuit's opinion in *United States v. Rushlight, supra,* does not support her contention that the failure to claim depreciation allowance constitutes an erroneous charge to the capital account. What was said in *Rushlight* is dictum and it is not shown in the opinion how the failure to claim depreciation constitutes an erroneous charge to capital account of an item that was fully deductible.

We have carefully examined the examples described in the regulations promulgated under Section 1312, and the examples given in the Congressional Committee reports on the predecessor provision to Section 1312 in the 1939 Code, Section 3801(b). These we find to be of no help to appellant's case.

The judgment of the district court is affirmed.