Ora R. HALL and Edna Ione Hall, his wife; George E. Hall; and Mary Ann McFall, Plaintiffs–Appellees,

v.

UNITED STATES of America, Defendant–Appellant.

No. 91–4117.

United States Court of Appeals, Tenth Circuit.

Sept. 16, 1992.

Fred W. Schwendimann of Hinkle, Cox, Eaton, Coffield & Hensley, Albuquerque, N.M., for plaintiffs-appellees.

Teresa E. McLaughlin (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen and David English Carmack, Attys.; of counsel: Dee V. Benson, U.S. Atty., with her on the brief), Dept. of Justice, Washington, D.C., for defendant-appellant.

Before EBEL, Circuit Judge, and McWILLIAMS, Senior Circuit Judge, and EISELE, Senior District Judge.*

McWILLIAMS, Senior Circuit Judge.

The question to be resolved is whether under Sections 1311 through 1314 of the Internal Revenue Code, 26 U.S.C. §§ 1311–1314,[1] the taxpayers are entitled to refunds for overpaid windfall profit taxes for the tax years 1980, 1981 and 1982. The district court answered this question in the affirmative. We conclude that in so doing the district court erred.

The relevant facts are not in dispute and are set forth in a stipulation of facts agreed to by the parties and submitted to the district court. The taxpayers, hereinafter referred to as the Halls, owned a five percent overriding royalty interest in a federal oil and gas lease in the Tensleep Participating Area of the Cottonwood Creek Unit in Washakie County, Wyoming. Amoco Production Company was the unit operator of the Tensleep Area. The oil produced in the Tensleep Area was subject to the Windfall Profit Tax on Domestic Crude Oil, Subtitle A, Chapter 45 of the Internal Revenue Code, 26 U.S.C. § 4986 to 4990, repealed Aug. 23, 1988, 102 Stat. 1322. Pursuant to Section 4995 of the Code, Amoco, as the first purchaser of the oil, was required to withhold the windfall profit tax from the Halls' share of the proceeds of such sale and to deposit the withheld tax with the Internal Revenue Service (IRS), which Amoco did.

The Tensleep Area originally had 200 participating acres, 120 of which were allocable to the Halls. On March 11, 1986, the Bureau of Land Management (BLM) of the Department of the Interior reduced the number of participating acres in the Tensleep Area to 130, fifty of which were allocable to the Halls. That reduction, based upon reservoir data furnished by Amoco, was made retroactive to January 1, 1976. Prior to the BLM's reduction of the Tensleep Area, the net revenue interest of the Halls in the Tensleep Area was three percent, i.e., sixty percent of five percent. As a result of the reduction, however, the Halls' net revenue interest was reduced to 1.923 percent, i.e., 38.46 percent of five percent.

The Halls' participating interest having been reduced, Amoco, on or before August 20, 1986, unilaterally recouped itself for the excess royalty payments it had previously made to the Halls, but did not credit or refund previously withheld windfall profit tax allocable to the royalty payments to the

---

* Honorable Garnett Thomas Eisele, Senior District Judge for the District of Arkansas, sitting by designation.

1. Enacted August 16, 1954, as part of the Internal Revenue Code of 1954, 68A Stat. 337; as amended October 4, 1976, 90 Stat. 1788.

Halls. On March 12, 1987, Amoco did issue corrected Forms 6248, Annual Information Return of Windfall Profit Tax, to the Halls for the calendar years 1980 through 1985, indicating therein an overpayment of windfall profit tax for those years.

In the late Spring of 1987, the Halls filed a claim for refund of overpaid windfall profit taxes for 1980. In November 1987, claims for refunds were filed for the years 1981 through 1985. The IRS allowed the claims for 1983, 1984 and 1985, but disallowed the claims for 1980, 1981 and 1982 on the grounds that the claims had not been filed within two years of the payment of the taxes or within three years from the filing of the returns, as required by Section 6511(a) of the Code.

Based on the foregoing chronology, the Halls brought suit for refund of overpaid federal windfall profit taxes for the years 1980, 1981 and 1982 in the United States District Court for the District of Utah. Jurisdiction was based on 28 U.S.C. § 1346(a), which provides that district courts have jurisdiction, concurrent with the Court of Claims, of any civil action against the United States for the recovery of an internal-revenue tax alleged to have been erroneously or illegally assessed or collected or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws. By answer, the United States denied the claim that the Halls were entitled to any refund and affirmatively alleged, *inter alia*, that the claim was barred by the applicable statute of limitations.

As stated, the matter was submitted to the district court on an agreed stipulation of facts. Paragraph 13 of the stipulation reads as follows:

> The parties hereby stipulate and agree that, unless the Code's mitigation provisions (Code § 1311 *et seq.*) or the doctrine of equitable recoupment apply in this case, the refunds sought by the plaintiffs for 1980, 1981 and 1982 calendar years are time barred, as asserted by the Com-

missioner of Internal Revenue in his statutory notice of claim disallowance.[2]

As indicated, the district court held that although the Halls' claim for refund of excess windfall profit taxes paid in 1980, 1981 and 1982 was time-barred, they were nonetheless entitled to refunds for those years based on the so-called "mitigation provisions" of 26 U.S.C. §§ 1311–1314. In this connection, the district court concluded that the mitigation provisions of 26 U.S.C. §§ 1311–1314 did apply to a claim for a refund of overpaid windfall profit taxes and that the Halls had met the requirements thereof. The district court ultimately entered a final judgment in favor of the Halls and against the United States in the amount of $72,299.84, which included overpayments for the years 1980, 1981 and 1982, and interest on the overpayments from the date of overpayment to the date of judgment. The United States appeals the judgment thus entered.

As mentioned, the Halls in paragraph 13 of the stipulation agreed that their claim for refunds for the years 1980, 1981 and 1982 is time-barred unless they could avail themselves of the mitigation provisions of 26 U.S.C. §§ 1311–1314. In this connection, 26 U.S.C. § 7422(a) provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of the law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 6511(a) provides that a claim for a refund of an overpayment of any tax shall be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later.

It is agreed that although the Halls' claims for refunds of overpaid windfall profit tax for the years of 1983, 1984 and 1985 met the time requirements of 26

---

**2.** The Halls later conceded that their claim insofar as it was based on equitable recoupment had

been foreclosed by *United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).

U.S.C. § 6511(a), which claims, as previously noted, were allowed by the Commissioner, the claims for refund of overpaid windfall taxes paid in 1980, 1981 and 1982 did *not* meet the time requirements of 26 U.S.C. § 6511(a), and, accordingly, under 26 U.S.C. § 7422(a), no suit could be maintained in any court for refund for those years. It is on this basis that the Halls stipulated that unless they could avail themselves of the "mitigation provisions" of 26 U.S.C. §§ 1311–1314 their claim for refund for the years 1980, 1981 and 1982 was time-barred.

■ Before considering the mitigation provisions of 26 U.S.C. § 1311–14, it is appropriate that we recognize that under the doctrine of sovereign immunity the United States is immune from a suit of the present sort unless it has waived that immunity, and if waived, the extent of the waiver. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368–69, 108 L.Ed.2d 548 (1990).

■ 26 U.S.C. § 1311–14 is a part of Subtitle A of Title 26, which Subtitle relates to "Income Taxes." The Windfall Profit Tax on Domestic Crude Oil, which, as indicated, was repealed in 1988, is set forth in Subtitle D of Chapter 26, which Subtitle relates to "Miscellaneous Excise Taxes." So far as we can ascertain, there were no "mitigation provisions" in Subtitle D, but there are, as indicated, mitigation provisions in Subtitle A, and the Halls assert they are entitled to avail themselves of the mitigation provisions in Subtitle A and thereby obtain a refund of overpaid windfall profit taxes.

26 U.S.C. § 1311(a) provides as follows:
**(a) General rule.**—If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

26 U.S.C. § 1313 contains "definitions," one of which is the definition of the word "determination" as used in 26 U.S.C. § 1311.

26 U.S.C. § 1312 is entitled "Circumstances of Adjustment" and describes the "circumstances under which the adjustment provided in section 1311 is authorized...." More will be said about 26 U.S.C. § 1312 later.

26 U.S.C. § 1314 is entitled "Amount and Method of Adjustment."

The predecessor statute to Section 1311 of the Internal Revenue Code of 1954, § 3801(b) of the 1939 Code, was by its terms expressly limited to income tax refunds. Such language, however, was omitted in the 1954 Code, and the Halls assert that this omission indicates a clear legislative intent that the mitigation provision in Sections 1311–1314 of the Internal Revenue Code of 1954 were not limited to claims for an income tax refund, as is here argued by the United States. In this connection, the United States points out that the mitigation provisions in the 1939 Code, the predecessor to the provision in the 1954 Code, were in a so-called "miscellaneous section" of the 1939 Code, whereas the provisions in the 1954 Code are in Subtitle A relating to income taxes. The Halls counter that argument by pointing out that 26 U.S.C. § 7806(b) states that "[n]o inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title." In this regard, the United States notes that the 1954 Code also provides that "a few administrative provisions of special application have been left in the taxing subtitles."

A Treasury Regulation adopted November 26, 1960, which is virtually identical to its counterpart in the 1939 Code, provided that the mitigation provision in Sections 1311–14 of the 1954 Code applied only to income taxes imposed under Subtitle A. Specifically, 26 C.F.R. § 1.1311(a)–2(b) provides as follows:

§ 1.1311(a)–2 *Purpose and scope of section 1311.*

\* \* \* \* \* \*

(b) The determination (including a determination under section 1313(a)(4)) may be with respect to any of the taxes imposed by subtitle A [14] of the Internal Revenue Code of 1954, by chapter 1 and subchapters A, B, D, and E, of chapter 2 of the Internal Revenue Code of 1939, or by the corresponding provisions of any prior revenue act, or by more than one of such provisions. * * *

The Halls' position is that the foregoing Treasury Regulation is at odds with the applicable statutes, particularly 26 U.S.C. § 1311–1314, which statutes, they point out, do not in so many words limit the mitigation provisions to claims for refund of income taxes. The district court below agreed with the Halls that the Treasury Regulation failed to conform to §§ 1311–1314, and for that reason gave it no effect.

26 C.F.R. § 1.1311(a)–2(b) specifically mentions taxes imposed by both the 1954 Code and the 1939 Code, and in each instance cites sections of those codes that pertain only to income tax. Subtitle A of the 1954 Code is titled "Income Taxes." In the 1939 Code, Subtitle A, Chapter 1 is identified as "Income Tax," and Chapter 2 as "Additional Income Tax." That 26 C.F.R. § 1.1311(a)–2(b) expressly names no other type of tax supports the interpretation that 26 U.S.C. §§ 1311–1314 should be limited only to income tax matters. *See Evans Trust v. United States,* 199 Ct.Cl. 98, 462 F.2d 521, 524–25 (1972); *Provident Nat'l Bank v. United States,* 507 F.Supp. 1197, 1202 (E.D.Pa.1981). *But see Chertkof v. United States,* 676 F.2d 984, 988 (4th Cir.1982) (§ 1.1311(a)–2(b) "simply parrots" earlier regulations and allows no weight to deletion of language restricting mitigation

to income tax situations). However, we are not persuaded by *Chertkof.* [3]

The first issue to be resolved is whether Sections 1311–14 of the 1954 Code are limited to claims for refund of income taxes, or may also be used by persons claiming a refund of overpaid windfall profit taxes. It is our best judgment that these mitigation provisions are limited to those seeking a refund of income taxes. The fact that the mitigation provisions appear in Subtitle A, which relates to income taxes and did not appear in Subtitle D, which related, *inter alia,* to windfall profit taxes, is to us significant. Further, 26 U.S.C. § 1312, relating to "Circumstances of Adjustment," refers to such items as double inclusion of an item of gross income, double allowance of a deduction or credit, double exclusion of items of gross income and double disallowance of a deduction or credit—all terms used in income tax law. No mention is made in 26 U.S.C. § 1312 to windfall profit taxes. Regulations pursuant to § 1312, too, use language and examples relating to income tax. All of this suggests that the mitigation provisions of 26 U.S.C. § 1311–14 relate to claims for refund of income taxes, not other taxes such as the windfall profit tax, which tax is computed by subtracting the so-called "base price" from the actual selling price of the oil. [4]

In thus holding, we necessarily reject the Halls' basic position that it is the clearly expressed statutory intent that 26 U.S.C. § 1311–14 apply to a claim for a refund of overpaid windfall profit taxes. And of course if there be any ambiguity in the statute, such would still be of no avail to the Halls. An administrative agency's contemporaneous interpretation and application of an unclear statute is entitled to judicial deference and must be sustained

---

**3.** For a critical analysis of *Chertkof v. United States,* 676 F.2d 984 (4th Cir.1982), *see* Stephen G. Willis, *Some Limits of Equitable Recoupment, Tax Mitigation and Res Judicata: Reflections Prompted by Chertkof v. United States,* 38 Tax Law. 625 (1985).

**4.** *Gardiner v. United States,* 536 F.2d 903 (10th Cir.1976), involved a claim for refund of what were alleged to be erroneously or illegally paid income taxes. This claim was time-barred by the applicable statute of limitations and the taxpayer then brought suit under the mitigation

provisions of 26 U.S.C. § 1311–1314. In affirming the district court, we held that although the "procedural requirements" for application of 26 U.S.C. § 1311–1314 were met, the district court was correct in holding that the taxpayer's failure to deduct allowable depreciation did not meet any of the "circumstances of adjustment" set forth in 26 U.S.C. § 1312. It was in this setting that we declined to give a "broad interpretation" to 26 U.S.C. § 1311–1314, as was argued for by the taxpayer.

unless plainly inconsistent with the statute. *See e.g., National Muffler Dealers Ass'n v. United States,* 440 U.S. 472, 476–77, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1978); *Fulman v. United States,* 434 U.S. 528, 533, 98 S.Ct. 841, 845, 55 L.Ed.2d 1 (1977); *United States v. Correll,* 389 U.S. 299, 305–07, 88 S.Ct. 445, 448–49, 19 L.Ed.2d 537 (1967); *True v. United States,* 894 F.2d 1197 (10th Cir.1990). Here the agency's interpretation and application is clearly spelled out in a Treasury Regulation which is nearly as old as the statute itself. And the regulation is in our view *not* plainly inconsistent with the applicable statute.

Judgment reversed.

EISELE, Senior District Judge, dissenting.

I respectfully dissent from the majority opinion wherein it concludes, "It is our best judgment that these mitigation provisions are limited to those seeking a refund of income taxes."

I rely upon the well-reasoned opinion of the district court in this case. I find myself more persuaded by *Chertkof v. USA,* 676 F.2d 984 (4th Cir.1982).

I would therefore affirm on the basis of the district court's opinion.