William O. MILBURN and
Elizabeth H. Milburn

v.

UNITED STATES of America.

No. A 95 CA 537 SS.

United States District Court,
W.D. Texas,
Austin Division.

July 15, 1996.

Michael Lynn Cook, Jenkins & Gilchrist, Austin, TX, for plaintiffs.

Cynthia E. Messersmith, Department of Justice, Dallas, TX, for defendant.

## ORDER

SPARKS, District Judge.

Before the Court are Plaintiffs' actions for federal income tax refunds, Plaintiffs' Motion for Summary Judgment, United States of America's Motion to Dismiss and Cross–Motion for Summary Judgment, Plaintiffs' Response to Defendant's Motion to Dismiss and Cross–Motion for Summary Judgment, and United States' Reply to Plaintiffs' Response to Defendant's Motion to Dismiss and Cross–Motion for Summary Judgment. Having reviewed the motions and responses of the parties, as well as the relevant statutory provisions and case law, the Court finds Plaintiffs are not entitled to an income tax refund and the United States' motion should be granted.

## Background

The facts of this case are undisputed. Plaintiffs, William O. Milburn and Elizabeth H. Milburn, filed their individual Income Tax Returns as married filing jointly for the 1984, 1986, and 1987 calendar years. For the 1989 and 1990 tax years, the couple filed as married filing separately. All returns were timely filed, with extensions.

Sometime prior to 1987, William O. Milburn (WOB) borrowed $3,224,000.00 from Milburn Investments, Inc. to acquire Summit Executive Center (Summit) and other properties. During 1987, WOB repaid the principal of the note, as well interest on the note in the amount of $475,000.00. The interest was not claimed as a trade or business expense in 1987.

In 1989, the Summit was sold, resulting in a loss for federal income tax purposes. The loss was reported on WOB's separate 1989 federal income tax return. On April 14, 1993, the 1989 return was amended, increasing the basis for the Summit by $443,440.00, which increased the loss on the sale by $397,695.00. The increase in basis was attributable to capitalization of the interest on the note and to depreciation. It is noteworthy that in April 1993, the statute of limitations prevented Plaintiffs from amending their 1987 tax return to properly reflect the interest paid in 1987 as a deduction.

The Internal Revenue Service (IRS) audited WOB's 1989 return and determined WOB could not capitalize the interest to increase the basis of the Summit. The IRS determined that the interest expense should have been taken as a trade or business expense for 1987, the tax year in which the interest was paid. The IRS did allow a portion of the interest expense to be classified as a suspended passive loss (in the amount of $166,425.00) and to be deducted in 1989. Plaintiffs were informed of these adjustments in January 1995.

In the meantime, the IRS had audited Plaintiffs' returns for 1984 through 1987 and sent Plaintiffs a notice of deficiency. Plaintiffs contested the issue by filing a petition with the United States Tax Court. The IRS and Plaintiffs reached a resolution of the

issues before the Tax Court, which entered a decision reflecting the parties' settlement. The decision determined Plaintiffs' tax liability for the taxable years 1984, 1985, and 1987.

In April 1995, Plaintiffs filed claims for refund based on deduction of the interest for the 1987 taxable year and the mitigation provisions of 26 U.S.C. § 1311–1314 for the taxable years 1987 and 1984. Plaintiffs were notified in June 1995 their claims for refund were disallowed.

In June 1995, Plaintiffs filed claims for refund based on the doctrine of equitable recoupment for the taxable years 1986, 1989, and 1990. The IRS disallowed these claims in August 1995 and Plaintiffs brought this action.

Plaintiffs contend they are entitled to a refund because they should be allowed to apply the interest expense to their 1987 taxable year since it was disallowed on the 1989 return. Recognizing that the statute of limitations has expired for claims on the 1987 tax year, Plaintiffs argue their claims are allowed under either the theory of equitable recoupment or under the mitigation provisions of the Internal Revenue Code. The lynchpin for Plaintiffs' refund claims for the many years at issue is the ability to avoid the statute of limitations and properly expense the interest for their 1987 tax year.

**Jurisdiction**

■ The United States contends this Court is without jurisdiction to hear the merits of Plaintiffs claims in light of the Tax Court's decision covering Plaintiffs' 1984 and 1987 tax returns. In support of this contention, the Government relies on 26 U.S.C. § 6512(a).[1] Plaintiffs contend that although a claim for equitable recoupment is barred by section 6512, their equitable recoupment claim is for tax years not covered by the Tax Court's determination. They further argue that the statutory mitigation provisions provide an exception to the limitation of section

6512 allowing for correction of an error "prevented by the operation of any law or rule of law." 26 U.S.C. § 1311(a).

Based on the plain meaning of the statutory language, the Court finds that the mitigation provisions of 26 U.S.C. § 1311–1314, if otherwise met, provide the Court with jurisdiction to entertain the merits of Plaintiffs' claims. *See Great Falls Nat'l Bank v. United States*, 388 F.Supp. 577, 579 (D.Mont. 1975). Section 1311(a), by its terms, allows a taxpayer the opportunity to correct an error prevented "by operation of any law or rule of law." The Court finds no support for the argument that section 6512 falls outside this statutory language.

**Equitable Recoupment**

■ The doctrine of equitable recoupment "permit[s] a transaction which is made subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole." *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946). Plaintiffs argue the doctrine allows them to make a claim for refund for 1986 and 1989 as an offset of their 1989 tax deficiency based on the treatment of the interest paid in 1987. The government contends the doctrine is not applicable to Plaintiffs' claims because the doctrine does not provide an independent basis for jurisdiction and there was no single transaction subject to double taxation. Consequently, the Government maintains Plaintiffs may not now take the interest expense for the 1987 tax year and receive the benefits of the adjustment for 1986, 1989, and 1990.

*Rothensies* and subsequent cases discussing the doctrine of equitable recoupment have established that the doctrine is to be strictly limited and "it applies only when there is a single transaction which has been subjected to two taxes on inconsistent legal theories." *Mann v. United States*, 552

---

1. 26 U.S.C. 6512(a), in relevant part, provides:
    (a) Effect of Petition to Tax Court.—If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) ... and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) ..., no credit or refund of income tax for the same taxable year, ... to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—[inapplicable].

F.Supp. 1132, 1140 (N.D.Tex.1982), *aff'd sub. nom., Estate of Mann,* 731 F.2d 267 (5th Cir.1984).[2] In this case, there is no "single transaction" as that terms has been applied by the courts. Plaintiffs failed to deduct the interest as a trade or business expense on their 1987 tax return. Later, Plaintiffs attempted to incorporate the interest paid into the basis of the Summit when it was sold in 1989.

■ "The fact that a single tax determination may affect the taxes on two transactions does not convert the two transactions into a single one." *Wilmington Trust Co. v. United States,* 221 Ct.Cl. 686, 610 F.2d 703, 714 (1979). There are two separate "taxable events" involved in Plaintiffs' refund claim: the first is the additional business expense that could have been, but was not, claimed in 1987; the second is the sale of the Summit in 1989 and determination of gain or loss. Although these transaction are related in that each involves the Plaintiffs' determination of how to treat the 1987 interest expense, they remain separate "taxable events" for purposes of the doctrine of equitable recoupment. *See Mann,* 552 F.Supp. at 1140–41.

As the courts have repeatedly emphasized, the doctrine of equitable recoupment is one of "limited scope." *See Rothensies,* 329 U.S. at 299, 67 S.Ct. at 272. The Court finds that the doctrine is not properly invoked based on the facts of this case. Plaintiffs have not been subjected to two taxes on a single transaction based on inconsistent theories. Consequently, they are unable to invoke the doctrine of equitable recoupment to set the Rube Goldberg tax consequence machinations into motion and affect their 1986, 1989, and 1990 taxes.

### Mitigation

■ Plaintiffs argue their claim seeking to take the interest deduction for the 1987 tax year falls within the mitigation provisions of the Internal Revenue Code, 26 U.S.C. § 1311–1314. The purpose of the mitigation provisions are to avoid the effect of the statute of limitation under specified circumstances. In order to prevail under the mitigation provisions, the taxpayer must show: (1) a "determination;" (2) correction of the error sought to be mitigated is prevented by operation of law on the date of the determination; (3) the position of the IRS and the taxpayer must be inconsistent, with the IRS's position being adopted by the determination; and (4) the circumstances for which correction is needed must be listed in 26 U.S.C. § 1312. *See Cocchiara v. United States,* 779 F.2d 1108, 1111 (5th Cir.1986).

The United States puts forth a half-hearted effort to challenge the first three requirements of the mitigation statute, but the Court finds these arguments to be without merit. There has been a determination in this case through the final disposition of the refund claim. At the time of the determination, the statute of limitations prevented Plaintiffs from amending or correcting their 1987 return to reflect the interest paid as a business expense. *See* 26 U.S.C. § 6511. The respective positions of the parties, expensing of the interest as opposed to capitalizing it as part of the basis of the Summit, are inconsistent. The true dispute lies in whether Plaintiffs fall within any of the listed circumstances listed in 26 U.S.C. § 1312.

Plaintiffs argue their situation falls with that contemplated by section 1312(7), dealing with error with respect to basis. As an alternative, Plaintiffs contend they are within section 1312(1), double inclusion of an item of gross income. Defendant maintains Plaintiffs do not meet the statutory requirements of either section.

### 1312(7): Error with Respect to Basis

■ To fall within subsection (7), Plaintiffs must establish: (1) an IRS determination determines the basis of property; (2) a prior transaction of the taxpayer which was erroneously treated as affecting such basis; (3) the taxpayer with respect to whom the erroneous treatment occurred is the taxpayer with respect to whom the determination is

---

**2.** Plaintiffs argue the United States Supreme Court, in *United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), expanded the application of equitable recoupment to include "items" such as deduction of interest expenses. Having reviewed *Dalm* and the footnote relied upon by Plaintiffs, the Court finds no such expansion of the limited application of the doctrine.

made; and (4) there was an erroneous non-recognition of loss. 26 U.S.C. § 1312(7). The Defendant contests whether there was a "prior transaction" which was erroneously treated as affecting basis and whether there was an erroneous nonrecognition of loss.

Defendant urges the Court to follow *Gardiner v. United States,* 536 F.2d 903, 907 (10th Cir.1976), by limiting the term "transaction" to the ordinary business sense of the term. The *Gardiner* Court held that a "transaction" pursuant to section 1312(7) is properly construed "as meaning business transaction in the ordinary sense of the term such as distributions, sales, purchases, dispositions, acquisitions, or exchanges." *Id.* At issue was whether the taxpayer's failure to take an allowable deduction for depreciation constituted a transaction. The Tenth Circuit affirmed the trial court's determination that it did not. "The failure to make a particular entry falls far short of being a sale, an exchange or transfer, and hence it cannot be considered in and of itself a transaction." *Id.*

Plaintiffs first attempt to distinguish the facts of *Gardiner* and follow a prior decision from the Tenth Circuit, *Oklahoma Gas and Elec. Co. v. United States,* 464 F.2d 1188 (10th Cir.1972). The Court in *Oklahoma Gas* did not, however, address the question of what constitutes a "transaction" under section 1312. Thus, *Oklahoma Gas* provides no solace to Plaintiffs.

Although this Court follows the *Gardiner* construction of "transaction," the Court finds that the payment of interest in 1987 was a transfer of funds in exchange for use of the principal and therefore a business "transaction." This case is factually distinguishable from *Gardiner,* where the taxpayer had failed to take a deduction for depreciation, and thus no transfer of funds occurred.[3] The Plaintiffs' erroneously treated the transaction as affecting the basis of the Summit. Plaintiffs meet the second requirement.

■ The United States also contends Plaintiffs' failure to deduct the business expense in 1987 was not an "erroneous nonrec-

ognition of loss" under section 1312(7)(C)(ii). The only support Defendant provides for its interpretation of this phrase are the examples provided the Treasury Regulations, Treas.Reg. § 1.1312–7(c) (1956). Examples (1) and (5) refer to erroneous recognition or nonrecognition of loss or gain in terms of the taxpayer's failure to recognize a loss or gain on an exchange/purchase of the property that establishes the basis. Obviously, this is not the case before the Court. Plaintiffs prefer a broad definition of erroneous nonrecognition of loss, which refers to the failure to recognize the interest expense in 1987 resulting in a smaller net operating loss for the tax year than if the expense had been properly taken. Neither party is able to cite any case law or legislative history in support of their position.

Based on a review of the entire provision, the Court finds the United States' interpretation to be the proper one, as it is the only interpretation which leaves the requirement with any meaning. Plaintiff's interpretation ignores the language of the statute requiring recognition or nonrecognition "of gain or loss." Instead, they seek to insert an additional link into the chain by arguing the nonrecognition of an interest expense which results in a loss is within the statutory provision. This broad interpretation is contrary to the plain language of the statute.

Plaintiffs do not meet any part of the statutory requirement of 1312(7)(c), and therefore are not able to fall within the mitigation statute on their error with respect to basis argument. An increased net operating loss as the result of the "nonrecognition" of an interest expense is not within the language or the purpose of (7)(c)(ii).

**1312(1): Double Inclusion of Item of Gross Income**

■ Alternatively, Plaintiffs argue they fall within subsection (1) of section 1312, for the double inclusion of an item of gross income. Section 1312(1) applies when "[t]he determination requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross

---

**3.** Under the United States' reading of *Gardiner,* the transaction is the failure to deduct the interest. This is an overly restrictive definition of "transaction" and is inconsistent with the holding in *Gardiner.*

income of a related taxpayer." 26 U.S.C. § 1312(1). Plaintiffs and Defendant disagree as to whether failure to take a business expense deduction falls within the statutory provision as an item of gross income. The Fifth Circuit has yet to address this point.

Plaintiffs, after urging the Court to apply a liberal interpretation to the subsection, argue the Court should follow the Court of Claims opinion in *M. Fine & Sons Mfg. v. United States*, 144 Ct.Cl. 46, 168 F.Supp. 769 (1958). The Court of Claims found:

> Depreciation allowances are as much constituent elements in the determination of the cost of goods sold as the inventories with which the court was concerned in the *Gooch* [*Milling & Elevator Co. v. United States*, 111 Ct.Cl. 576, 78 F.Supp. 94 (1948)] and *Hackney* [*Co. v. United States*, 111 Ct.Cl. 664, 78 F.Supp. 101 (1948)] cases, and the erroneous disallowance by the Commissioner of one of the constituent elements (depreciation) in determining this plaintiff's cost of goods sold resulted in an erroneous inclusion in gross income herein....

*Id.* 168 F.Supp. at 774. Plaintiffs contend their failure to deduct interest expenses is within the reasoning of *Fine*.

Defendant contends that items of gross income are items that add wealth, such those listed at 26 U.S.C. § 61(a). As deductions to not add wealth, and are not the type of item listed in section 61(a), the United States urges the Court to follow *Schwartz v. United States*, 67 F.3d 838 (9th Cir.1995), and *Gardiner v. United States*, 536 F.2d 903 (10th Cir.1976). In *Schwartz*, the Ninth Circuit faced the question whether a deduction for an ordinary loss was an item erroneously included in gross income. The Court declined to follow *Gooch*, on which *M. Fine* was based, instead limiting items of gross income to the type listed in section 61(a):

> We conclude that a deduction for an ordinary loss is not an item included in gross

income. The Internal Revenue Code defines gross income as "all income from whatever source derived...." 26 U.S.C. § 61(a). The representative list that follows the statutory definition includes only items that add wealth. 26 U.S.C. § 61(a)(1)–(15). Under this definition of gross income, the Schwartzes' ordinary loss reported on their 1976 return is not an item included in gross income.

*Id.* at 840.

Likewise, the court in *Gardiner* chose to follow the definition of gross income provided in section 61. "The meaning of an *item* of gross income is, under Section 61 ..., limited to specific items and does not include everything that results in an increase in tax. It is restricted to positive items and does not include negative elements such as deductions (like depreciation), the omission of which results in increased taxes." *Gardiner*, 536 F.2d at 906 (emphasis in original).

The Court finds the reasoning of the courts in *Schwartz* and *Gardiner* to be persuasive. In the absence of a special definition of gross income under the mitigation provisions, the general definition provided in section 61(a) is controlling. Under this definition, Plaintiffs' failure to include a deduction for the interest paid in 1987, although affecting gross income, is not an *item* of gross income. Despite Plaintiffs' pleas to the contrary, the Court is bound the language of the statute and may not alter the requirements in the interests of equity (even if such were justified by this case).[4] Plaintiffs are unable to squeeze their claim within the limited confines of section 1312(1).

### Conclusion

Based upon the foregoing discussion, the Court finds Plaintiffs are unable to meet the requirements of either the doctrine of equitable recoupment which would allow them to apply the interest expense to their 1987 tax

---

4. Although Plaintiffs cite language from *Cocchiara v. United States*, 779 F.2d 1108, 1112 (5th Cir.1986), suggesting the mitigation statutes should not be read with too much technicality, the Court's holding was limited. The Court ultimately determined that "under these facts, that the final determination requires the double inclu-

sion of an item of gross income in the sense that double taxes on the same item of gross income were paid to the IRS and remain in their possession." *Id.* The critical distinction is that *Cocchiara* involved payment of taxes on items of income, sale of mineral leases.

year, with subsequent ramifications for 1986, 1989, and 1990. Likewise, Plaintiffs have not met the requirements of the mitigation provisions of the Internal Revenue Code, 26 U.S.C. § 1311–1314, and may not receive a refund based on application of the interest expense in 1987. Absent these avenues for circumventing the statute of limitations, Plaintiffs are unable to claim a refund for the tax years in question. Summary judgment will be granted in favor of the United States.

Therefore,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment [doc # 13] is DENIED; and

IT IS ORDERED that United States' Cross–Motion for Summary Judgment [doc # 17] is GRANTED.