**FIRST INTERSTATE BANK OF NEVADA, N.A., as Executor of the Estate of Marilla D. Black and as Trustee of the Marilla D. Black Testamentary Trust, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 95–15207.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 1996.*

Submission Deferred July 10, 1996.

Resubmitted Feb. 24, 1997.

Decided March 18, 1997.

---

* The members of the panel unanimously agree that this case is appropriate for submission on

Gary R. Allen, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellant.

Paul D. Bancroft, Lionel, Sawyer & Collins, Reno, NV, for plaintiff-appellee.

Before: CHOY, O'SCANNLAIN and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

The United States appeals from the district court's entry of summary judgment in favor of First Interstate Bank of Nevada, N.A. as Executor of the Estate of Marilla D. Black and Trustee of the Marilla D. Black Testamentary Trust. The district court's ruling was based on its determination that the statutory limitation period of 26 U.S.C. § 6511 for the filing of a tax refund claim should be equitably tolled in the instant case because of the taxpayer's mental incompetence prior to her death in 1990. *See*

the briefs and without oral argument pursuant to

*Zeier v. United States,* 80 F.3d 1360, 1365 (9th Cir.1996); *Schwartz v. United States,* 67 F.3d 838, 841 (9th Cir.1995) (as amended).

The Supreme Court has now declared that the statutory limitation period of 26 U.S.C. § 6511 is not subject to equitable tolling due to a taxpayer's mental incompetence. *United States v. Brockamp,* —— U.S. ——, ——, 117 S.Ct. 849, 853, 136 L.Ed.2d 818 (1997).

Accordingly, the decision appealed from is

REVERSED.

Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.