**Milton I. SCHWARTZ; Nina Schwartz, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 94–15685.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 1995 *.

Decided Oct. 5, 1995.

As Amended Nov. 21, 1995.

Barry L. Lieberman, Dickerson, Dickerson, Lieberman & Consul, Las Vegas, Nevada, for plaintiffs-appellants.

Gary R. Allen, Tax Division, United States Department of Justice, Washington, D.C., for defendant-appellee.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.

R.App.P. 34(a); 9th Cir.R. 34–4.

Before BEEZER and THOMPSON, Circuit Judges, and EZRA, District Judge.**

## OPINION

DAVID R. THOMPSON, Circuit Judge:

On their 1976 tax return Milton I. Schwartz and Nina Schwartz reported an ordinary loss of $208,675. This loss was generated by an options straddle. The Schwartzes reported the other end of the straddle, a capital gain of $180,840, on their 1978 tax return.

The tax court disallowed the 1976 deduction in 1983, on the ground the straddle was a sham transaction. The Schwartzes paid the resulting deficiency in their 1976 tax, and claimed a refund of the capital gains tax they paid on the gain they reported in 1978.

When the Internal Revenue Service (IRS) denied the Schwartzes' claim, they sued for a refund in the district court. The district court granted summary judgment in favor of the government, on the ground that the statute of limitations barred the Schwartzes' refund action. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

### FACTS AND PROCEEDINGS

In 1976, the Schwartzes entered into an options straddle operated by broker/dealers of the London Metals Exchange (LME). The straddle matches a series of short and long sales of silver and is designed to generate a large ordinary loss in the first year. Because the sales are matched, there is very little risk for the investor and the investor ultimately reports a capital gain in a later year that matches the ordinary loss in year one.

The LME had no initial margin requirement in the 1970s, so a taxpayer could enter into the straddle and generate the tax losses by paying only brokerage fees. *See Glass v. Commissioner*, 87 T.C. 1087, 1095–1107, 1986 WL 22053 (1986) (describing the straddle transactions), *aff'd sub nom. Keane v. Commissioner*, 865 F.2d 1088 (9th Cir.1989).

The taxpayer benefits from this transaction because taxes on ordinary income can be deferred for a number of years and are ultimately taxed at the more favorable capital gain rate.

The Schwartzes reported an ordinary loss in 1976 of $208,675 resulting from the LME straddle. In 1978, the year they closed their position on the LME, they reported a capital gain of $180,840. In 1983, the IRS, believing the straddle to be a sham transaction, issued a notice of deficiency for the Schwartzes' 1976 return. After the tax court ruled the LME straddle was a sham in *Glass*, the Schwartzes agreed to a stipulated tax court judgment of deficiency on their 1976 return. They paid the deficiency in full.

The Schwartzes then filed administratively for a refund of taxes paid for their 1978 capital gain. The IRS denied the claim, contending it was untimely. The Schwartzes then brought this refund action in the district court.

## II

### DISCUSSION

■ The parties agree the Schwartzes' refund action is time-barred by 26 U.S.C. § 6511(a) unless the mitigation statute, 26 U.S.C. § 1312(1), or the doctrine of equitable recoupment excuses the time bar.[1] The district court granted summary judgment holding neither the statute nor the doctrine provided the Schwartzes with any relief. We review the district court's summary judgment de novo. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).

### A. The Mitigation Provisions

■ Under the mitigation provisions of the Internal Revenue Code, the limitations period is extended to "one year from the date a final determination is made." *Kolom v. United States*, 791 F.2d 762, 765 (9th Cir. 1986), *overruled on other grounds by, United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); 26 U.S.C. § 1314(b). The mitigation provisions, however, provide relief only in limited situations. "This court

** Hon. David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

has narrowly construed the requirements of the mitigation provisions." *Kolom*, 791 F.2d at 765. The party asserting mitigation has the burden of showing its applicability. *United States v. Rushlight*, 291 F.2d 508, 514 (9th Cir.1961) (construing predecessor statute, 26 U.S.C. § 3801).

To obtain relief under the mitigation provisions, the Schwartzes must satisfy three requirements. *See Cocchiara v. United States*, 779 F.2d 1108, 1111 (5th Cir.1986). The IRS agrees the Schwartzes have satisfied two requirements. The only dispute in the present appeal is whether the Schwartzes' 1976 ordinary loss is "an item which was erroneously included in gross income." 26 U.S.C. § 1312(1). Because both parties agree that part (1) is the only portion of section 1312 under which the Schwartzes could qualify for mitigation, this one issue is dispositive of whether the Schwartzes qualify for mitigation of the statute of limitations.

We conclude that a deduction for an ordinary loss is not an item included in gross income. The Internal Revenue Code defines gross income as "all income from whatever source derived...." 26 U.S.C. § 61(a). The representative list that follows the statutory definition includes only items that add wealth. 26 U.S.C. § 61(a)(1)–(15). Under this definition of gross income, the Schwartzes' ordinary loss reported on their 1976 return is not an item included in gross income.

The case law supports this definition of gross income. In *Gardiner v. United States*, 536 F.2d 903 (10th Cir.1976), the court held depreciation is not an item included in gross income for the purposes of mitigation. The court reasoned:

> The meaning of an *item* of gross income is ... limited to specific items and does not include everything that results in an increase in tax. It is restricted to positive items and does not include negative elements such as deductions (like depreciation), the omission of which results in increased taxes.

*Id.* at 906. (emphasis in original). We have previously cited with approval this definition of gross income. *Kolom*, 791 F.2d at 765.

The Schwartzes have not cited authority supporting the proposition that the 1976 ordinary loss constitutes an item included in gross income. Their reliance on *Gooch Milling & Elevator Co. v. United States*, 78 F.Supp. 94 (Ct.Cl.1948), is misplaced. In *Gooch Milling*, the taxpayer, over a series of years, had placed the value of inventory items in the incorrect tax year. Specifically, the taxpayer had erroneously included in those tax years an amount representing the value of certain quantities of wheat the taxpayer did not actually own.

The claims court concluded the misplaced items qualified as items in the calculation of gross income. *Id.* at 100. The claims court reasoned the inventories were used to calculate the annual operating profit and were "vital" in determining the company's gross income. *Id.* at 97, 100. The claims court, however, did not conclude that a deduction would constitute an item of gross income. Consequently, *Gooch Milling* and its progeny are not persuasive.

The Schwartzes also cite cases that state the broad proposition that the mitigation provisions are meant to protect taxpayers from paying double taxes on inconsistent theories. *See Cocchiara*, 779 F.2d at 1111; *Chertkof v. Commissioner*, 649 F.2d 264, 267 (4th Cir. 1981); *Gooch Milling*, 78 F.Supp. at 100. The mitigation provisions, however, do "not purport to relieve against all inequities occasioned by the statute of limitations." *Rushlight*, 291 F.2d at 514. The mitigation provisions do not constitute a general equitable exception to the limitations period. *See Longiotti v. United States*, 819 F.2d 65, 68 (4th Cir.), *cert. denied*, 484 U.S. 985, 108 S.Ct. 502, 98 L.Ed.2d 500 (1987). "Statutes of limitations 'are an indispensable [element] of practical tax administration' which may of necessity bar taxpayers from claiming refunds and the government from collecting revenue." *Id.* (quoting *Olin Mathieson Chem. Corp. v. United States*, 265 F.2d 293, 296 (7th Cir.1959)).

We conclude the ordinary loss from the options straddle claimed by the Schwartzes

---

1. Section 6511(a) requires the taxpayer to file a refund claim "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later...." 26 U.S.C. § 6511(a).

in 1976 is not an item included in gross income as that term is defined by the Internal Revenue Code. Instead, the loss is an item deducted from gross income to determine tax liability. The latter does not qualify under the mitigation provisions. 26 U.S.C. § 1312. Therefore, the mitigation provisions do not excuse the time bar of the Schwartzes' refund action.

**B. Equitable Recoupment**

■ The Schwartzes next argue that the doctrine of equitable recoupment excuses the time bar. Their reasoning follows our opinion in *Kolom* which held that, even though an item was not included in gross income under the mitigation provisions, the court has jurisdiction over the action based on equitable recoupment. *Kolom,* 791 F.2d at 767–68. The Supreme Court, however, overruled *Kolom* in *United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).

The Supreme Court held that jurisdiction may not be based on equitable recoupment alone. *Id.* at 608, 110 S.Ct. at 1368. Here, the only basis for jurisdiction is the Schwartzes' claim for refund which is barred by the statute of limitations. *Dalm,* therefore, forecloses us from applying the doctrine of equitable recoupment.

*Brockamp v. United States,* 67 F.3d 260, 262 (9th Cir.1995), is not to the contrary. In *Brockamp,* we concluded the doctrine of equitable tolling could be applied to the limitations period of 26 U.S.C. § 6511(a). In the present case, we hold only that, if an action is time-barred by section 6511(a), equitable recoupment does not provide a jurisdictional basis for a refund action.

■ Whether equitable recoupment provides an independent jurisdictional basis for a refund action is an issue different from whether section 6511(a) is subject to equitable tolling. *See Webb v. United States,* 66 F.3d 691, 698 (4th Cir.1995). A taxpayer may raise equitable recoupment in two situations: in an independent refund action when the action is timely filed and as a defense, even if an independent action would be untimely, to an action brought by the government. *Dalm,* 494 U.S. at 605–08, 110 S.Ct. at 1366–67. By contrast, the doctrine of equitable tolling is applied to determine whether an untimely filing will be excused. *Cf. Irwin v. Department of Veteran Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The Schwartzes do not invoke the doctrine of equitable tolling and it is not implicated by the facts of this case.

### III

### CONCLUSION

The statute of limitations bars the Schwartzes' refund action. The mitigation provisions do not excuse the untimely filing because the deduction at issue is not an item included in gross income as defined by the Internal Revenue Code. Furthermore, the Schwartzes cannot invoke the doctrine of equitable recoupment to excuse the time bar because they do not assert an independent source of jurisdiction for their refund action. We therefore affirm the district court's grant of summary judgment.

AFFIRMED.