**Shuja QURESHI, Plaintiff–Appellant,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant–Appellee.**

No. 94–16873.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 1995 *.

Decided Jan. 24, 1996.

As Amended on Denial of Reconsideration Jan. 24, 1996.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Shuja Qureshi, Tempe, Arizona, in pro per for plaintiff-appellant.

Gary R. Allen, United States Department of Justice, Tax Division, Washington, D.C., for defendant-appellee.

Before: NORRIS, BEEZER, and TROTT, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Shuja Qureshi seeks a refund of his 1983 taxes, which were collected by means of levies on his wages and bank account. The Internal Revenue Service disallowed the taxpayer's refund claim on the ground that it was untimely under 26 U.S.C. § 6511(a), which requires the claim to be brought within two years of the date the taxes were paid. The taxpayer then brought suit in the district court, which dismissed the complaint because a timely administrative claim is a jurisdictional prerequisite to a tax refund suit. On *pro se* appeal, the taxpayer contends that his administrative claim was timely because the statute of limitations begins to run only when the taxpayer receives notice that his taxes have been paid in full and the tax lien has been released. We affirm.

I

Shuja Qureshi (taxpayer) filed his 1983 U.S. Individual Income Tax Return (Form 1040) on June 15, 1984. After the Internal Revenue Service (IRS) determined that the taxpayer had not substantiated some of the claimed deductions and adjustments on his return, it assessed a deficiency in the amount of $15,142, plus $4,694.39 in interest. The taxpayer did not pay the amount assessed against him, and the IRS proceeded to collect it through levies on his salary and bank account. The date of the latest payment recorded on the Certificate of Assessments and Payments (Form 4340) for the taxpayer for 1983 is December 5, 1988. The IRS

recorded the Certificate of Release of Federal Tax Lien on January 26, 1989. The taxpayer received a copy of this certificate on February 1, 1989.

Thereafter, the taxpayer began his efforts to recover the $15,142. On December 12, 1990, he filed an amended tax return (Form 1040X) claiming a refund. The IRS disallowed this claim on the ground that it was not filed within the statute of limitations period established by 26 U.S.C. § 6511(a), i.e., it was not filed within two years of December 5, 1988, when the taxpayer's 1983 taxes were fully paid.

Rebuffed by the IRS, the taxpayer brought suit in the district court. The IRS moved to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment. The IRS argued that, under 26 U.S.C. § 7422,[1] the United States has waived its sovereign immunity from suit in the case of a tax refund action only when the plaintiff has filed a timely administrative claim for refund. The IRS again maintained that the taxpayer's administrative claim was not timely because it was not filed within the limitations period established by § 6511(a).

Although the district court initially denied the IRS's motion, upon reconsideration it dismissed the taxpayer's complaint. The court stated that it was reconsidering its original decision in order to "give effect to the plain language of § 6511," and concluded that "to impose a requirement on the IRS to notify taxpayers that their tax deficiency has been paid in full and that the two-year statute of limitations with regard to filing for a refund has started to run, would be improper because this particular statute is silent as to the requirement of notice." Order filed June 24, 1994, at 4.

## II

The taxpayer argues that his complaint must be reinstated because his administrative claim for refund was timely, having been filed within two years of the date on which he received notice that his tax deficiency had been paid in full and the lien against his salary and bank account had been released. We disagree.

Section 6511(a) provides in pertinent part: Claim for credit or refund of an overpayment of any tax imposed by this title ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later....

26 U.S.C. § 6511(a). Thus, the plain language of § 6511(a) states that the two-year limitations period, on which the taxpayer bases his claim,[2] begins at the time the tax is "paid."

A remittance or amount collected is recognized as a "payment" to the IRS when it discharges a definite obligation. See *McFarland v. United States,* 490 F.Supp. 238, 242 (N.D.Ga.1980) (levy to satisfy an assessment is a "payment" for purposes of § 6511(a)). *Cf. Rosenman v. United States,* 323 U.S. 658, 662, 65 S.Ct. 536, 538, 89 L.Ed. 535 (1945) (sums paid to IRS by a taxpayer under protest before any tax assessment was made, and deposited by the IRS into a "suspense account," do not constitute "payments" of taxes until such time as the tax liability has been determined and the funds are applied to discharge it); *Schmidt v. Commissioner of Internal Revenue,* 272 F.2d 423, 429 (9th Cir.1959) (remittances of estimated taxes do not trigger the statute of limitations; the period begins to run only with the filing of the return, through which the final tax liability is ascertainable). The monies

1. Section 7422 provides in relevant part:

   (a) No suit prior to filing claim for refund.— No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly

filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422.

2. The taxpayer does not dispute that his administrative refund claim was filed more than three years after the June 15, 1984, filing of his 1983 tax return.

remitted to the IRS as a result of the levies on the taxpayer's wages and bank account were amounts collected to discharge the taxpayer's finally determined 1983 tax liability. They were thus payments triggering the statute of limitations established by § 6511(a).

The taxpayer's argument that the statute of limitations period began to run only when he received notice that his deficiency had been paid in full and that the lien had been released is without merit. Section 6511(a) contains no reference whatsoever to notice. *See* 26 U.S.C. § 6511(a); *see also United States v. Dalm,* 494 U.S. 596, 609 & n. 7, 110 S.Ct. 1361, 1368–69 & n. 7, 108 L.Ed.2d 548 (1990) (noting that under § 6511(a), the time for filing a claim for refund begins to run when the return is filed or the tax is paid, "not when the taxpayer discovers that the payment was erroneous"); *United States v. Swift & Co.,* 282 U.S. 468, 475–76, 51 S.Ct. 202, 204–05, 75 L.Ed. 464 (1931) (holding that the limitations period begins when the commissioner approves the schedule showing that the taxpayer has been credited with an overassessment, and recognizing that this date will predate notice to the taxpayer of the credit); *Poulos v. United States,* 50 A.F.T.R.2d (P–H) ¶ 82–5126 (E.D.Mich.1982) (rejecting the argument that the tax was "paid" only when the taxpayer learned of the seizure because "§ 6511 does not incorporate any requirement of knowledge of payment").

The taxpayer's argument that the limitations period should be calculated by reference to the date the IRS files the "Certificate of Release of Federal Tax Lien" pursuant to 26 U.S.C. § 6325 is also without merit. Section 6325 requires the IRS to file the release certificate not later than thirty days after the tax liability has been satisfied. Section 6325 establishes procedures for discharging a tax lien. The effects of the certificate spelled out in subsection (f) refer only to the lien and the property. Subsection (f) makes no reference to the effect of the certificate on the limitations period, nor does it in any way suggest that § 6325 is a procedural prerequisite to the running of the statute of limitations under § 6511. The taxpayer cites no authority—nor have we been able to find any—in support of this argument.

The limitations period for administrative refund claims for the taxpayer's 1983 taxes began to run on the various dates those taxes were paid, the last of which occurred on December 5, 1988.[3] Because the taxpayer filed his administrative claim for refund on December 12, 1990, seven days after the two-year limitations period expired as to the last payment he made for 1983, the district court properly dismissed his complaint for lack of jurisdiction. *Yuen v. United States,* 825 F.2d 244, 245 (9th Cir.1987) (per curiam) (timely administrative refund claim is jurisdictional). *See also Commissioner v. Lundy,* — U.S. —, — – —, 116 S.Ct. 647, — – —, 133 L.Ed.2d 611 (1996) (noting that two-year look-back rule of Section 6511(b)(2)(B) limits recovery to amounts paid within two years of filing of refund claim).

### III

■ The taxpayer also claims that he is entitled to relief under the mitigation provisions of the Internal Revenue Code (I.R.C.), 26 U.S.C. §§ 1311–1314. We disagree.

■ The mitigation provisions of the I.R.C. " 'provid[e] for mitigation of *some* of the inequities under the Income Tax Laws caused by the Statute of Limitations....' " *Kolom v. United States,* 791 F.2d 762, 765 (9th Cir.1986) (quoting H.R.Rep. No. 2330, 75th Cong., 3d Sess. 56 (1938)), *overruled on*

---

**3.** The taxpayer offers no evidence in support of his contention that the last payments made in satisfaction of his 1983 tax obligation were received by the IRS in 1989. He claims that because the taxpayer transcript is arranged in "chronological ascending order by date and time," Appellant's Br. at 9, the three document entries recording payments on April 11, 1988—which come after an entry for December 5, 1988—must reflect payments actually collected between December 5, 1988, and August 14, 1989. This argument is frivolous. In an age of electronic wire transfers and complex, computerized bookkeeping, there is no reason to assume that the physical sequence of entries on a taxpayer's transcript provides a more accurate gauge of the dates of payment than the dates actually recorded.

The taxpayer also appears to argue that the entries in the transcript recording refunds to him on August 14, 1989, prove that the last payment made in satisfaction of his tax obligation occurred on that date, which would be less than two years before he filed his refund claim on December 12, 1990. While the taxpayer's reasoning is not clear on this point, it is hard to imagine how a *refund* of amounts received as payments for 1983 taxes could be a payment of 1983 taxes.

*other grounds, United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). The I.R.C. specifies the types of errors to which the mitigation provisions can be applied, and a taxpayer must show that he comes within one of these specified categories of error before he can obtain relief through the provisions. *Id.* ("The mitigation provisions require that (1) a final 'determination' be made; (2) *the error fall within one of the specified circumstances of adjustment;* and (3) the determination be inconsistent with that made in another year.") (citations omitted) (emphasis added).

The specified circumstances to which the mitigation provisions can be applied are enumerated in § 1312. The taxpayer appears to claim that his situation falls within § 1312(4).[4] However, the taxpayer has made no showing of the type of circumstances that § 1312(4) was designed to relieve: He has failed to show that an error was committed regarding his 1983 taxes, or that any of his disallowed deductions should have been allowed for another tax year. *Cf. Longiotti v. United States,* 819 F.2d 65, 68 (4th Cir.) (denying mitigation based on double disallowance of deduction because the error involved a disallowance of deductions during only one year), *cert. denied,* 484 U.S. 985, 108 S.Ct. 502, 98 L.Ed.2d 500 (1987). The mitigation provisions are thus inapplicable to the facts of this case, and the district court properly disregarded the taxpayer's claim for relief pursuant to them.

AFFIRMED.

---

**4.** This section authorizes an adjustment when "[t]he determination disallows a deduction or credit which should have been allowed to, but was not allowed to, the taxpayer for another taxable year, or to a related taxpayer." 26 U.S.C. § 1312(4).