**BEAUDRY MOTOR CO., an Arizona corporation, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

**No. 95–15508.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 1996.*

Memorandum Filed Sept. 16, 1996.

Decided Oct. 23, 1996.

Gary R. Allen, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellant.

---

* The panel members unanimously agree that this case is appropriate for submission on the briefs and record and without oral argument per Fed. R.App. P. 34(a) and 9th Cir. R. 34–4.

**1168**

Gregory V. Gadarian, Law Office of Gregory V. Gadarian, Tucson, AZ, for plaintiff-appellee.

Before: CHOY, O'SCANNLAIN, and LEAVY, Circuit Judges.

### ORDER

The Memorandum disposition filed September 16, 1996, is redesignated as an authored Opinion by Judge Leavy.

### OPINION

LEAVY, Circuit Judge:

The government appeals from the district court's entry of summary judgment in favor of Beaudry Motor Company ("Beaudry") on the latter's claim for a refund of overpaid taxes, arguing that the court should have rejected the claim as untimely. We review *de novo, see Schwartz v. United States,* 67 F.3d 838, 839 (9th Cir.1995) (as amended), and we reverse.

Beaudry claimed investment tax credits ("ITCs") for qualified property on both its 1983 and 1984 corporate tax returns. When Beaudry later disposed of that property before its estimated useful life had expired, Beaudry reported a partial ITC recapture of $34,645 on its 1986 return. As the result of its filing an amended return for 1985 reporting a net operating loss ("NOL") for that year of $511,290, Beaudry also amended its returns for both 1983 and 1984 in order to claim tax refunds resulting from the carrying back of the 1985 NOL to 1983 and 1984.

Because Beaudry could no longer claim or derive any benefit from the ITCs for 1983 and 1984, and no longer had any ITC to recapture in 1986, it filed a second amended tax return for 1986 in order to claim a refund of the $34,645 it had overpaid as a recapture of the ITC for that tax year. Beaudry concedes, however, that this second amended return for 1986 was not filed within the relevant statutory limitations period, *see* IRC § 6511(a), and that this untimeliness constitutes an absolute bar to the district court's consideration of Beaudry's claim for refund of the $34,645 overpayment, *see* IRC § 7422(a), unless Beaudry is entitled to invoke the IRC's mitigation provisions, set out at IRC §§ 1311–1314.

The mitigation provisions serve to extend the limitations period up to "one year from the date a final determination is made." *Schwartz,* 67 F.3d at 839 (quoting *Kolom v. United States,* 791 F.2d 762, 765 (9th Cir. 1986), *overruled on other grounds, United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990)). In order to invoke the mitigation provisions, a claimant must meet three requirements: First, there must have been a "determination" as defined at IRC § 1313(a); second, the error complained of must fall within one of the specifically enumerated "circumstance[s] of adjustment" of IRC § 1312; and third, this determination must be "inconsistent" with a determination made in another [read, prior] year. IRC § 1311(b). *Qureshi v. United States I.R.S.,* 75 F.3d 494, 498 (9th Cir.1996) (as amended).

As we recently noted, however,

The mitigation provisions ... provide relief only in limited situations. "This court has narrowly construed the requirements of the mitigation provisions." *Kolom,* 791 F.2d at 765. The party asserting mitigation has the burden of showing its applicability. *United States v. Rushlight,* 291 F.2d 508, 514 (9th Cir.1961) (construing predecessor statute, 26 U.S.C. § 3801).

*Schwartz,* 67 F.3d at 839–40. *See also Qureshi,* 75 F.3d at 497 ("The mitigation provisions of the IRC provid[e] for mitigation of *some* of the inequities under the Income Tax Laws caused by the Statute of Limitations") (quoting H.R.Rep. No. 2330, 75th Cong., 3d Sess. 56 (1938)).

Both sides agree that Beaudry has met its burden as to the first and third elements. Their dispute therefore centers on whether Beaudry has met its burden on the particular "circumstance of adjustment" element known as the "double disallowance" provision of IRC § 1312(4). Section 1312(4) authorizes an adjustment if "[t]he determina-

tion disallows a deduction or credit which should have been allowed to, but was not allowed to, the taxpayer for another taxable year[.]" *Id.* Beaudry argues that, when the government accepted the NOL carry back for 1983 and 1984, it effectively disallowed the ITCs for those two years. We reject this contention.

The IRC's mitigation provisions were not intended to apply to those situations in which the taxpayer could have filed a timely claim for refund but did not do so. Beaudry could have filed a timely second amended refund claim for tax year 1986 when it filed its amended returns for tax years 1983 through 1985. Beaudry knew, or reasonably should have known at that time what the tax consequences of the NOL carry back would be with respect to the loss of the ITCs, and could not but have known that the elimination of the ITC recapture for 1986 would result in a claim for refund of that overpayment.

■ As we noted in *United States v. Rushlight,* the mitigation provisions "cannot be invoked by a taxpayer who has slept on his rights and allowed the statute of limitations to run when he could have filed a refund claim within the statute of limitations." 291 F.2d at 519. Moreover, Beaudry could have sought to protect its ability to claim a refund by requesting an extension of the limitations period for claiming refunds. *See O'Brien v. United States,* 766 F.2d 1038, 1041 n. 3 (7th Cir.1985). Finally, the allowance of Beaudry's refund claims for 1983 and 1984 did not, without more, constitute a "*dis*allow[ance of] a deduction or credit" as required by IRC § 1312(4). *See Curtis Gallery & Library, Inc. v. United States,* 388 F.2d 358, 361 (9th Cir.1967).

REVERSED.