**George W. ANTHONY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 00–679–S–BLW.**

United States District Court, D. Idaho.

Aug. 13, 2001.

---

Richard G. Smith, Hawley, Troxell, Ennis & Hawley LLP, Boise.

D. Marc Haws, United States Attorney's Office, Boise, ID.

David Cheng, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C.

## JUDGMENT

BOYLE, Chief United States Magistrate Judge.

The Court has before it a Report and Recommendation filed by the United States Magistrate, Judge Larry M. Boyle. The defendant, the Government, filed an objection to the Report. The Court examined the Report under the de novo standard of review set out in 28 U.S.C. § 636(b)(1)(C). On the basis of that review, the Court shall adopt the Report except its findings that the second and third mitigation provisions were met in this case as set forth in 26 U.S.C. §§ 1311(b)(1)(A) and 1312, respectively. Because Plaintiff George W. Anthony failed to meet these provisions as a matter of law, Internal Revenue Code (I.R.C.) § 6512 applies, thereby depriving the Court of subject-matter jurisdiction over plaintiff's claim. The Court will, therefore, grant the Government's Motion to Dismiss for lack of subject-matter jurisdiction. The Court shall provide additional rationale for reaching this decision, but will not repeat the facts of this case, which were accurately set forth in the Report.

## ANALYSIS

### A. Standard for Rule 12(b)(1) Motion to Dismiss

The Report and Recommendation accurately sets forth Ninth Circuit Court of Appeals' law regarding the standard for ruling on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. In summary, the facts of this case require the Court to use a summary judgment standard under Rule 56 to determine whether the Court has subject-matter jurisdiction. Using that standard, the Court concludes as a matter of law that the Plaintiff failed to qualify for an exception to the application of I.R.C. § 6512; therefore, the Court does not have subject-matter jurisdiction.

### B. Law and Application

Section 6512(a) of the Internal Revenue Code states:

> If the taxpayer files a petition with the Tax Court within the time prescribed . . . no credit or refund of income tax for the same taxable year . . . in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court.

26 U.S.C. § 6512(a) (1989).

██ The Ninth Circuit has interpreted this section broadly, such that the mere filing of the petition in the tax court deprives the district court of subject-matter jurisdiction to hear a subsequent suit for refund. *See First National Bank of Chicago v. United States*, 792 F.2d 954, 955–56 (9th Cir.1986) (citing *United States v. Wolf*, 238 F.2d 447, 449 (9th Cir.1956)). This is the proper rule even where the issue brought before the district court was not litigated in the tax court. *See id.* at 956 (" 'It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in the District Court

his tax liability for the year in question.' ") (quoting *Elbert v. Johnson*, 164 F.2d 421, 424 (2nd Cir.1947)).

To avoid the potentially harsh effect of I.R.C. § 6512, Congress adopted the mitigation provisions. *See* 26 U.S.C. §§ 1311–14. The mitigation provisions provide a limited exception whereby a district court can retain subject-matter jurisdiction even though the taxpayer has filed a petition in tax court. *See Beaudry Motor Co. v. United States*, 98 F.3d 1167, 1168 (9th Cir.1996); *Schwartz v.. United States*, 67 F.3d 838, 839–40 (9th Cir.1995). The provisions apply to a number of different scenarios, but for simplicity sake, the Court will explain the purpose and application of the provisions as related to the facts of this case.

The provisions were designed to prevent the IRS from taking one position on a tax issue in one year and then changing its position on that same issue with respect to the same taxpayer once the statute of limitations runs, thereby making it impossible for the taxpayer to have the second position applied to the closed tax year. *Cocchiara v. United States*, 779 F.2d 1108, 1111 (5th Cir.1986); *see also* John A. Lynch, Jr., *Income Tax Statute of Limitations: Sixty Years of Mitigation—Enough, Already!!*, 51 S.C. L.Rev. 62, 63–77 (Fall 1999) (discussing the purpose and application of the mitigation provisions). Without such a provision, the IRS could take advantage of the taxpayer by causing him or her to rely on its first position and then changing that position to the taxpayer's detriment. The effect on the taxpayer is that he or she would end up being penalized twice. *See Cocchiara*, 779 F.2d at 1111. The mitigation provisions allow the taxpayer to have the subsequent IRS position applied to the closed tax year under limited circumstances. *See id.*

In order to invoke the mitigation provisions, a claimant must meet three requirements. The Ninth Circuit has consistently held that the mitigation provisions must be construed narrowly. *See Beaudry Motor,* 98 F.3d at 1168; *Schwartz v. United States,* 67 F.3d at 839–40. The first requirement is that there must be a final determination in which the alleged error took place. *See Beaudry Motor,* 98 F.3d at 1168. Both parties agree that this requirement has been met, and the Court so finds.

The second requirement is that the IRS must have maintained a position contrary to that taken by the taxpayer, and the tax court must have adopted the IRS's position. *See Cocchiara,* 779 F.2d at 1111 (5th Cir.1986). Under the agreed upon facts of this case, this requirement is not met. The Plaintiff does not contend that his position was inconsistent with the position of the IRS when they were before the Tax Court. On the contrary, the Plaintiff recognizes that the parties' positions were consistent with one another because they had entered into an agreement. It was this agreement which the Tax Court adopted.

The Plaintiff attempts to expand the meaning of the second requirement to encompass situations where the parties do not hold inconsistent positions until after the final determination has been made. The Plaintiff, however, has presented neither case law nor legal theory supporting this expanded reading, and the Court finds the mitigation provisions do not support such a reading.

The third factor is that "the error fall within one of the specified circumstances of adjustment." *See Beaudry Motor,* 98 F.3d at 1168. In this case, the Plaintiff claimed there was a "double inclusion of an item of gross income." 26 U.S.C. § 1312(1). This circumstance of adjustment "requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for *another taxable year* or in the gross income of a related taxpayer." *Id.* (emphasis added). The Plaintiff would like to apply this provision to errors discovered after the tax court determination and within the same tax year. The Plaintiff argues that a strict reading of the term "another taxable year" is too hypertechnical, even under a strict reading. The Court disagrees. The mitigation provisions provide limited tax relief in the current year to an otherwise strict application of the statute of limitations to a tax year in the past. The mitigation provisions were simply not designed to apply to a situation like the Plaintiff's. *See Beaudry Motor,* 98 F.3d at 1168 (the "determination must be 'inconsistent' with a determination made in another [read, prior] year" (brackets in the original)).

Because the mitigation provisions do not apply, § 6512(a) operates in full, denying the Court subject-matter jurisdiction. The Plaintiff also argues that the Court may claim subject-matter jurisdiction because the issue being litigated is different from the issue litigated in the Tax Court; therefore, § 6512(a) and *res judicata* do not apply. The Court disagrees. The Plaintiff is essentially arguing that there was a mistake made in the agreement between the IRS and the Plaintiff and that the mistake then became a part of the Tax Court's final judgment. Whether the mistake may be corrected is up to the Tax Court and will not be addressed here. In order to preserve judicial resources and to reach finality for the benefit of the parties, public policy dictates that this is an appropriate situation to apply § 6512(a) and the doctrine of *res judicata.* Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED, that the Report and Recommendation (Docket No. 24) shall be, and

the same is hereby, ADOPTED IN PART, AND REJECTED IN PART, as the decision of the District Court. The Court declines to adopt the analysis of the second and third mitigation factors.

IT IS FURTHER ORDERED, that Defendant's Motion to Dismiss for lack of subject-matter jurisdiction (Docket No. 10) shall be, and the same is hereby, GRANTED, and that this action be DISMISSED IN ITS ENTIRETY.

BOYLE, Chief United States Magistrate Judge.

## REPORT AND RECOMMENDATION

Currently pending before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction (Docket No. 10). Having carefully reviewed the record, considered oral arguments, and otherwise being fully advised, the Court enters the following Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## I.

## BACKGROUND

Plaintiff George W. Anthony commenced the instant action, originally alleging that the Internal Revenue Service (IRS)'s tax assessments for him for the tax years 1991 and 1992 were erroneous. In his original Complaint, Plaintiff sought to recover the overpayment of taxes for 1991 and 1992. The facts leading up to the filing of the instant action are undisputed.

In March 1996, the IRS sent Plaintiff notices of tax deficiencies for the tax years 1991 and 1992. In June 1996, Plaintiff filed separate petitions in the United States Tax Court for 1991 and 1992, seeking a redetermination of his deficiencies. On May 12, 1997, the Tax Court entered decisions in both petitions against Plaintiff for deficiencies in the amount of $63,855 for the 1991 tax year and $133,535.00 for the 1992 tax year. The decisions were entered in accordance with a prior stipulation entered into between the parties.

In his original Complaint, Plaintiff alleged that after entry of the decisions by the Tax Court, he became aware of certain errors in the tax calculations for both 1991 and 1992, and of additional issues not raised in the Tax Court proceedings.

In accordance with the Tax Court decisions, the IRS assessed the tax deficiencies against Plaintiff for 1991 and 1992, and subsequently levied upon various accounts of Plaintiff in an attempt to collect the assessed taxes. Plaintiff alleged in his original Complaint that these levies were "erroneous and illegal" and form the basis for his claims for a refund for the tax years 1991 and 1992, which he made in August 1998. Plaintiff's refund claims were denied by the IRS in November 1998.

On November 21, 2000, Plaintiff commenced the instant action, originally seeking a refund of a portion of his taxes paid for 1991 and 1992. On February 23, 2001, the United States, on behalf of the IRS, filed a Motion to Dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1), seeking dismissal of Plaintiff's entire Complaint. Thereafter, on April 6, 2001, Plaintiff filed a Motion for Leave to File a Supplemental Reply Memorandum to Defendant's Motion to Dismiss and a Motion for Leave to Amend his Complaint.

During oral argument on July 24, 2001, the Court orally granted Plaintiff's Motion for Leave to File a Supplemental Reply Memorandum and his Motion for Leave to Amend his Complaint, in light of Defendant's non-opposition to said Motions. (Docket No. 23). Defendant orally moved to have its original Motion to Dismiss address Plaintiff's Amended Complaint, and the oral motion was granted. (*Id.*).

During oral argument on July 24, 2001, Plaintiff orally informed the Court that he

was withdrawing his refund claim for the tax year 1991, such that the only remaining claim now before this Court is his refund claim for the tax year 1992.

Defendant's Motion to Dismiss Plaintiff's refund claim for the tax year 1992 is the subject of this Report and Recommendation.

## II.

### ANALYSIS

**A. Defendant's Motion to Dismiss (Docket No. 10)**

**(1) Standard for Rule 12(b)(1) Motion to Dismiss**

With respect to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Ninth Circuit Court of Appeals has provided as follows:

> A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits. In such circumstances, no presumption of truthfulness attaches to the plaintiff's allegations. However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact.

*Rosales v. United States,* 824 F.2d 799, 802 (9th Cir.1987) (citations omitted). In the instant action, the Court concludes that the jurisdictional facts are intertwined with the merits of Plaintiff's claims. In addition, both parties have also submitted for the Court's consideration matters which are not contained in Plaintiff's Amended Complaint. Consequently, the Court will treat Defendant's Motion to Dismiss as a Motion for Summary Judgment under Fed.R.Civ.P. 56. *See* Fed. R.Civ.P. 12(b).

**(2) Standard for Motion for Summary Judgment**

Motions for summary judgment are governed by Fed.R.Civ.P. 56, which provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The United States Supreme Court has made it clear that under Rule 56, summary judgment is required if the nonmoving party fails to make a showing sufficient to establish the existence of an element which is essential to his case and upon which he or she will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the nonmoving party fails to make such a showing on any essential element of his case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. 2548.[1]

---

1. *See also* Rule 56(e), which provides in part: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific

Under Rule 56 it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue is "genuine" when there is "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial," *Hahn v. Sargent*, 523 F.2d 461, 463 (1st Cir.1975) (quoting *First Nat'l Bank v. Cities Serv. Co., Inc.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)), or when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986). The Ninth Circuit cases are in accord. *See British Motor Car Distrib., Ltd. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371 (9th Cir.1989).

In ruling on summary judgment motions, the court does not resolve conflicting evidence with respect to disputed material facts, nor does it make credibility determinations. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir.1987). Moreover, all inferences must be drawn in the light most favorable to the nonmoving party. *Id.* at 631. As the Ninth Circuit Court of Appeals has stated, "[p]ut another way, if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *Id.*

In order to withstand a motion for summary judgment, the Ninth Circuit has held that a nonmoving party:

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may

reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the nonmoving party's claim implausible.

*British Motor Car Distrib.*, 882 F.2d at 374 (citation omitted). Moreover, the Ninth Circuit has held that where the moving party meets its initial burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must "produce 'specific facts showing that there remains a genuine factual issue for trial' and evidence 'significantly probative' as to any [material] fact claimed to be disputed." *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983) (citing *Ruffin v. County of Los Angeles*, 607 F.2d 1276, 1280 (9th Cir. 1979)).

The Ninth Circuit Court of Appeals has acknowledged that in recent years the Supreme Court, "by clarifying what the nonmoving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment." *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987). As the Ninth Circuit has expressly stated: "No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *Id.*

In addressing the application of the "Summary Judgment Test," the Ninth Circuit has specifically explained that:

A "material" fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the *substantive law* governing the claim or defense. Disputes over irrelevant or unnecessary

---

facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropri-

ate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

facts will not preclude a grant of summary judgment.

*T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (emphasis added).

### (3) *Analysis*

Defendant seeks dismissal of Plaintiff's refund claim for the tax year 1992 on two (2) grounds: (1) the filing of Plaintiff's petition in the United States Tax Court deprives this Court of subject matter jurisdiction pursuant to 26 U.S.C. § 6512(a); and (2) the instant action is barred by the doctrine of res judicata.

Section 6512(a) of the Internal Revenue Code provides that if a notice of deficiency has been sent to a taxpayer and if the taxpayer files a petition with the Tax Court within the time prescribed, no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court, except under certain exceptions which are not applicable to the instant action. 26 U.S.C. § 6512(a) (1989). The Ninth Circuit Court of Appeals has interpreted this section as having a "broad general application so as to provide that if the taxpayer files a petition with the tax court, the mere filing of the petition operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund." *First National Bank of Chicago v. United States*, 792 F.2d 954, 955–56 (9th Cir.1986) (citing *United States v. Wolf*, 238 F.2d 447, 449 (9th Cir.1956)). This is the rule even where the issues sought to be litigated in the district court were not presented in the Tax Court. *Estate of Ming v. Commissioner*, 62 T.C. 519, 521, 1974 WL 2720 (1974); *Bear Mill Mfg. Co. v. United States*, 93 F.Supp. 988, 989 (S.D.N.Y.1950). *See also First Nat'l Bank of Chicago*, 792 F.2d at 955 (" 'It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in the District Court his tax liability for the year in question.' ")(quoting *Elbert v. Johnson*, 164 F.2d 421, 424 (2nd Cir.1947)).

In the instant action, Defendant contends that, according to 26 U.S.C. § 6512(a), Plaintiff, by filing his tax petition for the tax year 1992 in Tax Court, is now precluded from bringing the instant action seeking a refund for the same taxable year. Defendant also contends that, since the Tax Court entered a final decision on the merits regarding Plaintiff's tax liabilities for 1992, he is precluded under the doctrine of res judicata, or claim preclusion, from bringing the instant action. Defendant argues that, under the doctrine of claim preclusion, Plaintiff is not only barred from re-litigating the same claims addressed in the prior proceedings before the Tax Court, but he is also barred from litigating in the instant action any claims which could have been raised in the prior Tax Court proceedings.

In opposition, Plaintiff argues that the error which he alleges in his Amended Complaint falls within the Internal Revenue Code's mitigation provisions for the correction of errors under 26 U.S.C. § 1311–1314, and that assuming this Court agrees, such an error constitutes an exception to the procedural bars created by 26 U.S.C. § 6512(a) and the doctrine of res judicata.

In order for the mitigation provisions of the Internal Revenue Code to apply (*i.e.,* 26 U.S.C. § 1311–1314), the taxpayer must satisfy the following three (3) requirements:

(1) There must be a final determination, and on the date of such determination, correction of the error sought to be mitigated must be prevented by the operation of any law or rule of law; and

(2) The position maintained by the IRS must be inconsistent with the position

maintained by the taxpayer and the determination adopts the position maintained by the IRS; and

(3) The alleged error must fall within one of the specified circumstances of adjustment set forth in 26 U.S.C. § 1312.

*See Cocchiara v. United States,* 779 F.2d 1108, 1111 (5th Cir.1986). If this Court concludes that Plaintiff in the instant action has satisfied all three requirements set forth above, this Court must conclude that it has jurisdiction to address the error alleged in Plaintiff's Amended Complaint, despite the general rule of preclusion under 26 U.S.C. § 6512(a) and the doctrine of res judicata. *See id.;* 26 C.F.R. § 1.1311(a)-2 (recognizing that mitigation provisions provide for the correction of errors that would otherwise be barred by § 6512(a) or res judicata). The "taxpayer has the burden of proving that the mitigation statutes apply." *Id.* at 1112 (citing *United States v. Rushlight,* 291 F.2d 508, 514 (9th Cir.1961)).

In the instant action, both parties agree that the first requirement is met. There has been a final determination (*i.e.,* the Tax Court decision entered in May 1997), and on the date of said determination, correction of the error alleged in Plaintiff's Amended Complaint concerning the tax year 1992 was prevented by the operation of law (*i.e.,* 26 U.S.C. § 6512(a) and the doctrine of res judicata). The parties disagree, however, with respect to whether Plaintiff has satisfied requirements two and three.

Defendant contends that the second requirement is not met, because the IRS has not maintained a position inconsistent with Plaintiff's position, nor has the Tax Court adopted any inconsistent position taken by the IRS. Rather, Defendant argues that, in this case, the parties' respective positions were consistent and, as a consequence, they entered into a stipulation, which the Tax Court subsequently adopted. Defendant contends that if any party is taking an inconsistent position, it is Plaintiff because, inconsistent with the parties' prior stipulation, Plaintiff is now alleging that there is an error in the tax calculation for 1992.

With respect to the second requirement, Plaintiff contends that, because the alleged error was not discovered until after the parties entered into their stipulation, the proper question is whether the parties' positions are now inconsistent, not whether they were inconsistent at the time the Tax Court entered its final determination. With respect to the present, Plaintiff contends that the parties' two positions are now inconsistent in that the IRS originally believed the tax calculation for the tax year 1992 was correct, but it has since acknowledged that an error was made and has tried to correct it. The IRS' position now is that there is no error because the error was corrected; however, Plaintiff contends that there is still an error, despite the IRS' efforts to correct it.[2]

The Court concludes that the second requirement for application of the mitiga-

---

**2.** The error referred to herein arose when the IRS included an item of income twice in Plaintiff's 1992 tax return. The item concerned a duplicate sale of securities in the amount of $155,702, resulting in capital gain that was reported twice in 1992 upon which taxes were paid twice for that year. The IRS acknowledged the double inclusion error in Plaintiff's 1992 tax return, and attempted to correct the error in 1994 by reducing Plain-

tiff's capital gains which otherwise would have been taxable in 1994. Plaintiff contends that, notwithstanding this attempted correction by the IRS, because the correction/adjustment was made in a different tax year, rather than in the tax year in which the error occurred (1992), he had to pay additional interest and penalties which accrued between 1992 and 1995.

tion provisions is satisfied because the IRS' present position (*i.e.*, that there is no double inclusion of income error) is undisputedly inconsistent with Plaintiff's present position (*i.e.*, that a double inclusion of income error has occurred and that the IRS' efforts to rectify this error in 1994 did not fully compensate him). In the Court's opinion, it need not determine whether the Tax Court adopted the IRS' position in this regard, because the basis for the IRS' present position did not arise until after the Tax Court's final determination. In other words, the error at issue was not discovered until after the Tax Court decision; thus, the Tax Court's decision is not determinative on the issue of whether there is an inconsistency present. In the Court's view, the relevant question under the present circumstances is whether the parties' positions are now inconsistent, and it has concluded that they are.

With respect to the third requirement for application of the mitigation provisions, Plaintiff bears the burden of proving that his alleged 1992 error falls within one of the specified circumstances of adjustment set forth in 26 U.S.C. § 1312. Plaintiff contends that the 1992 error, which is the double inclusion of income error referred to in footnote two herein, falls within the type of circumstances identified in 26 U.S.C. § 1312(1), which provides, in pertinent part, as follows:

> (1) **Double inclusion of an item of gross income.**—The determination requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer *for another taxable year* . . . .

26 U.S.C. § 1312(1) (emphasis added).

Defendant contends that the double inclusion of income error complained of by Plaintiff does not fall within 26 U.S.C. § 1312(1) because 26 U.S.C. § 1312(1) specifically requires the double inclusion of income to be made in two separate years,

whereas, with Plaintiff, the double inclusion of income error occurred in the *same* taxable year (*i.e.*, 1992). Defendant cites to various Ninth Circuit cases, where the Ninth Circuit has held that the mitigation statutes in the Internal Revenue Code must be strictly construed. *See, e.g., Beaudry Motor Co. v. United States,* 98 F.3d 1167, 1168 (9th Cir.1996) (recognizing that the Ninth Circuit has narrowly construed the requirements of the mitigation provisions). Defendant argues that, by strictly construing the language in 26 U.S.C. § 1312(1), the Court must conclude that Plaintiff's 1992 error does not fall within the express language of 26 U.S.C. § 1312(1), and therefore urges it should rule that the mitigation provisions do not apply.

Plaintiff urges this Court to follow the Fifth Circuit Court of Appeals' decision in *Cocchiara v. United States,* 779 F.2d 1108 (5th Cir.1986), where the Court addressed a situation where there was not technically a double inclusion of income, but nevertheless looked past the technical verbiage of 26 U.S.C. § 1312(1) and held that the intent of the statute had nonetheless been satisfied. Defendant attempts to distinguish *Cocchiara* by arguing that the Fifth Circuit, unlike the Ninth Circuit, liberally construes the mitigation provisions, whereas, the Ninth Circuit strictly construes the mitigation provisions.

However, a careful, close reading of *Cocchiara* reveals that the Fifth Circuit, like the Ninth Circuit, strictly construes the mitigation provisions. In reviewing the taxpayer's refund claim in *Cocchiara,* the Fifth Circuit expressly noted that "when applying the mitigation statutes the facts of each case must fit 'into the concrete, detailed requirements set out in the statute.'" *Id.* at 1112 (quoting *United States v. Rachal,* 312 F.2d 376, 383 (5th Cir. 1962)).

In *Cocchiara*, the taxpayers had reported income from the sale of certain mineral leases on an installment sale basis by reporting the income in their tax returns over the tax years 1959–1965. The taxpayers included these proceeds as gross income through the years 1960–1965 in an effort to get installment sale treatment of these proceeds; however, the IRS and the Tax Court disallowed such treatment and taxed the mineral lease sale in its entirety in 1959. The IRS nevertheless retained the tax payments the taxpayers had made on the installment sale treatment in the tax years 1960–1965 and used those payments to offset additional tax liabilities incurred as a result of unrelated assessments made by the IRS. The IRS in *Cocchiara*, relying on the literal wording in 26 U.S.C. § 1312(1), argued that no double inclusion of gross income had occurred because technically the income from the sale of the mineral leases had only been taxed in 1959, and not in the tax years 1960–1965. *Id.* at 1112.

In response to the IRS' argument in this regard, the Fifth Circuit in *Cocchiara* stated:

> In the interest of fairness and justice, we must reject such sophistry.... It is true that the mitigation statutes are not meant to relieve taxpayers (or the IRS) of the disabilities imposed by limitations statutes in all circumstances. But we find that this case falls within that class of cases covered by the mitigation statutes, and we will not engage in a hypertechnical reading of the statutory language to defeat their purpose.

*Id.*

In the instant action, this Court, like the Fifth Circuit in *Cocchiara*, declines to engage in a hypertechnical reading of the language in 26 U.S.C. § 1312(1). There appears to be no justifiable reason why taxpayers should be permitted relief for duplicate income items that covered two different tax years, but denied relief where that duplication occurs in the same year. Under either set of circumstances, the taxpayer is subjected to a double tax. Consequently, the Court concludes that, assuming the consequences of the 1992 error has not been fully rectified, as Plaintiff contends, such an error falls within the realm of 26 U.S.C. § 1312(1). Under these circumstances, the Court would conclude that jurisdiction over Plaintiff's Amended Complaint is proper under the mitigation provisions.

With respect to whether the 1992 double inclusion of income error has been fully corrected, the Court concludes that a genuine issue of material fact exists in this regard. Plaintiff has submitted sufficient evidence to suggest that the IRS' efforts to correct the 1992 double inclusion of income error four years after the fact in 1994 did not fully compensate him for the ramifications of the 1992 error. For example, Plaintiff argues that the IRS' correction of the 1992 error in later tax years caused additional interest and penalties to accrue in the time period from 1992 through 1995. Defendant does not dispute this specific contention by Plaintiff. Instead, Defendant argues that the 1992 error was corrected in full when the IRS allowed Plaintiff certain deductions in the tax year 1994 which are in the exact amount that he would have received in 1992 had the double inclusion of income error not occurred.

In light of this conflicting evidence received from both parties, the Court concludes that a genuine issue of material fact exists as to whether Plaintiff has been fully compensated for the 1992 error, or whether he has suffered economic harm which has yet to be remedied as a consequence of the 1992 error not being corrected until the 1994 tax year. Because a genuine issue of material fact exists in this

regard, the Court concludes that Defendant's Motion to Dismiss should be denied.

## III.

### RECOMMENDATION

Based upon the foregoing, this Court recommends the District Court enter an order DENYING Defendant's Motion to Dismiss (Docket No. 10).

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b)(2) or as a result that party may waive the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals.