**George ANTHONY, Plaintiff—Appellant,**

**v.**

**UNITED STATES Of America, Defendant—Appellee.**

No. 01–36012.
D.C. No. CV–00–00679–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2003.*

Decided April 11, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON, District Judge.**

MEMORANDUM***

■ George Anthony appeals the district court's dismissal of his claim for a refund on his 1992 taxes. This case arises out of a prior tax court judgment, to which both Anthony and the Internal Revenue Service ("IRS") stipulated, and in which a portion of Anthony's income was erroneously double-counted. The IRS adjusted Anthony's returns in later years to correct the error.

Anthony contends that the IRS action did not compensate him adequately for the error, and filed a refund suit. The district court dismissed the action on the basis that the prior tax court judgment deprived the district court of jurisdiction under 26 U.S.C. § 6512(a). Thus, the salient question on appeal is whether Anthony satisfies the mitigation provisions of the statute, which would provide the district court with subject matter jurisdiction. *See* 26 U.S.C. §§ 1311–1314.

In order to qualify for mitigation, a taxpayer must establish (1) there has been a final determination under § 1313; (2) the IRS has maintained an inconsistent position in another taxable year; and (3) the taxpayer meets one of the enumerated criteria in § 1312. *Beaudry Motor Co. v. United States*, 98 F.3d 1167, 1168 (9th Cir.1996). As a general matter, the mitigation provisions "provide relief only in

limited situations." *Schwartz v. United States*, 67 F.3d 838, 839 (9th Cir.1995). We have "narrowly construed the requirements. of the mitigation provisions." *Kolom v. United States*, 791 F.2d 762, 765 (9th Cir.1986). Further, the party asserting mitigation "has the burden of showing its applicability." *Schwartz*, 67 F.3d at 840.

The second mitigation requirement is dispositive of this case. The district court correctly concluded that the IRS did not, in fact, take a position in the 1992 determination that was inconsistent with the erroneous inclusion of income in another tax year. Thus, Anthony does not satisfy the second mitigation requirement, and his claim for mitigation fails.

Anthony argues that the IRS did, in fact, take inconsistent positions. He contends that the implicit IRS position at the time of determination that the income was properly included was inconsistent with the agency's later decision to adjust his income (suggesting that it had not been properly included). However, IRS regulations require inconsistency between the year at issue in the determination and a separate, closed taxable year in which an error was committed. According to the regulations, § 1311(b) requires that "a position maintained with respect to the taxable year of the determination ... be inconsistent with the erroneous inclusion ... with respect to the taxable year of the error." 26 C.F.R. § 1.1311(b)–1(a). Anthony, by contrast, alleges error within the same year at issue in the determination.

■ Anthony also claims that the IRS took an "inconsistent position" on his 1994 return, when the agency adjusted his in-

** The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

come to reflect the previous error. However, the requirement refers to the IRS position *at the time of the determination*. The statute requires that "there is adopted *in the determination* a position maintained by the Secretary" and that "the position maintained by the Secretary . . . is inconsistent with the erroneous inclusion." 26 U.S.C. § 1311(b)(1) (emphasis added). The relevant position, therefore, is the one taken by the IRS "in the determination," which in Anthony's case refers to the agency position on the 1992 tax year at the time of the tax court decision. Furthermore, because the IRS position in the determination must be inconsistent with the "erroneous inclusion," Anthony cannot claim that the IRS position is inconsistent with the later decision to adjust his taxes.

Because the IRS did not take an inconsistent position within the meaning of the second mitigation requirement, Anthony's claim for mitigation fails. We need not reach any other issue urged by the parties.

**AFFIRMED.**

