**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WARREN AND BARBARA PARCHAN, | No. 11-55848 |
| Plaintiffs - Appellants, | D.C. No. 8:10-cv-01225-JST-MLG |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine S. Tucker, District Judge, Presiding

Argued and Submitted January 7, 2013
Pasadena, California

Before:    W. FLETCHER and RAWLINSON, Circuit Judges, and KORMAN[**],
Senior District Judge.

Warren and Barbara Parchan appeal the dismissal of their claims against the

United States for a partial tax refund for the 2001 and 2002 tax years. With regard to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1

the 2001 tax year, the district court properly found that the Parchans had failed to satisfy the statutes of limitation applicable to their refund claim and eventual lawsuit. Because refund lawsuits against the government must fall within the narrow statutory waiver of sovereign immunity, the statute of limitations applicable to these suits, 26 U.S.C. § 6532(a), is jurisdictional. *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir. 1987). Thus, the district court properly dismissed the Parchans' 2001 claims for lack of jurisdiction.

Nor are the Parchans entitled to take advantage of the mitigation provisions in the Internal Revenue Code to circumvent the statute of limitations. As the district court explained, the Parchans did not suffer a "double disallowance" within the meaning of 26 U.S.C. § 1312(4), because they did claim a deduction for the legal fees at issue in a return that was accepted by the IRS. The fact that the IRS rejected as untimely a later return, which claimed the deduction under a different statutory provision, does not qualify the Parchans for relief under the statute. Although the Parchans may be unhappy with their original choice of deduction, "[t]he mitigation provisions do not constitute a general equitable exception to the limitations period." *Schwartz v. United States*, 67 F.3d 838, 840 (9th Cir. 1995).

As to the 2002 tax year, the Parchans previously elected to sue for a determination of their liability for that year in the Tax Court. By so doing they lost

2

their right to litigate their tax claims in the district court. 26 U.S.C. § 7422(e); *Flora v. United States*, 362 U.S. 145, 166 (1960). Moreover, the Parchans entered into a stipulated agreement with the IRS in that case establishing their liability for the amount ultimately paid; they are not entitled to recover a tax they admittedly owe despite the IRS's illegal method of assessment. *Van Antwerp v. United States*, 92 F.2d 871, 873 (9th Cir. 1937); *see also Powelson v. United States*, 979 F.2d 141, 145 (9th Cir. 1992).

**AFFIRMED.**