T.C. Memo. 2017-244

UNITED STATES TAX COURT

JAMES HAWVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20792-15L.                    Filed December 11, 2017.

<u>Janice Burns King</u>, for petitioner.

<u>Shannon E. Craft</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  Petitioner, while residing in Georgia, timely filed a petition

seeking review of a Notice of Determination Concerning Collection Action(s)

[*2] Under Section 6320 and/or 6330,[1] sustaining a Notice of Intent to Levy and the filing of a Notice of Federal Tax Lien with respect to petitioner's outstanding Federal income tax liabilities for 2005 and 2007.  Petitioner does not dispute respondent's determination as to 2007; he disputes only respondent's determination as to his underlying liability for 2005.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

I.  Tax Return Filing

On July 11, 2008, petitioner filed his Form 1040, U.S. Individual Income Tax Return, for the taxable year 2005 (original return).  On his original return, petitioner reported gross income of $277,983 and total tax owed of $89,876.  In 2008, before filing the original return, he made three payments of $1,000 each toward his 2005 tax liability.

Petitioner then engaged a different accountant.  With the help of that accountant, on December 9, 2009, petitioner submitted to the Internal Revenue Service (IRS) a Form 1040X, Amended U.S. Individual Income Tax Return, for

---

[1] Unless otherwise indicated all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.  Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[*3] 2005 (amended return). The amended return indicated that the changes consisted of income and deductions that were omitted from the original return, reducing the original tax liability by $66,463.

The IRS rejected the amended return as unprocessable by Letter 916C, No Consideration, dated February 3, 2010, stating: "The law allows you to file a claim for a refund of taxes you paid. The law does not allow you to file a claim to reduce the tax you owe". On February 9, 2010, petitioner submitted another copy of the amended return, which the IRS again rejected by Letter 916C dated March 3, 2010, for the same reason. Petitioner's accountant then requested an Appeals hearing with respect to the disallowed amended return, which the IRS also rejected by Letter 916C dated September 9, 2010. In Letter 916C, the IRS notified petitioner that he had to pay the tax owed before the IRS would consider the appeal and reiterated the statements above regarding claims for refunds being limited to amounts paid. Petitioner submitted yet another copy of the amended return on November 19, 2012. This time, the IRS rejected the amended return by Letter 105C, Total Claim Disallowance, dated February 21, 2013, stating: "You filed your claim more than 3 years after you filed your tax return".

Undeterred by these rejections, petitioner submitted a copy of the amended return for a fourth time on March 22, 2013. But this time, instead of another

**[\*4]** rejection letter, petitioner received Letter 4364C dated December 4, 2013, that stated: "We have adjusted your account as you requested". Letter 4364C is a response generated by the IRS about a correction or adjustment being made in response to a claim filed by a taxpayer. Letter 4364C did not state an amount but explained that "[i]f the adjustment results in you owing money, we will send you a separate notice that will tell you the amount you owe for the tax period shown". However, the IRS made no adjustments to petitioner's account transcript to indicate that the amended return was accepted. Instead on January 14, 2014, the IRS issued a Notice of Intent to Levy and Notice of Your Right to Hearing for 2005 and 2007 (levy notice). And on March 11, 2014, the IRS issued a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for 2005 and 2007 (lien notice).

## II. Collection Proceedings

Petitioner timely sought an administrative hearing regarding both proposed collection actions. As part of that administrative review, the settlement officer assigned petitioner's 2005 underlying liability issue to another Appeals officer who in turn referred the case to the IRS Examination Division for review. As part of that review, the revenue agent issued Form 4564, Information Document Request, to petitioner for records to substantiate reported income and deductions

[*5] claimed on petitioner's amended return. After receiving the revenue agent's report the Appeals officer issued Form 4549, Income Tax Examination Changes, dated April 29, 2015. Those changes included the reduction of petitioner's income tax liability for 2005 by $11,163, abatement of a $20,222 late filing addition to tax for the 2005 original return, and a computational adjustment that reduced the late payment addition to tax for the 2005 original return by $2,791.

On July 15, 2015, respondent issued a notice of determination. The notice stated that the settlement officer concluded that petitioner was precluded from challenging the underlying liability because he had had a prior opportunity to challenge that liability but that his underlying liability was considered under Appeals' general authority. The notice then described adjustments that Appeals made to petitioner's liability that were based on the IRS agent's review of petitioner's amended return and documentation provided.

## OPINION

In an administrative hearing the settlement officer must verify that the requirements of any applicable law or administrative procedure have been met,[2] consider issues properly raised by the taxpayer, and consider whether the proposed

---

[2] Petitioner has not challenged whether the settlement officer satisfied the verification requirements of sec. 6330, and our review of the record and the notice of determination likewise reveals no irregularities.

**[\*6]** collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(b) and (c)(3). The only issue raised at the hearing was petitioner's liability for 2005 and whether Letter 4364C bound the IRS. Petitioner's pretrial memorandum stated that the issue for us to decide is "[p]rocessing and determination of [F]orm 1040X and allowance of 'rebate refund' (abatement) of income tax for 2005". Respondent's pretrial memorandum framed the issue as "[w]hether petitioner can prove that his 2005 income tax liability should be less than the assessed amount". At trial petitioner did not present any evidence regarding his underlying liability; rather he argued that Letter 4364C was correct and should bind the IRS.

There is no dispute that the IRS issued at least one erroneous letter to petitioner. Respondent argues that Letter 4364C was the erroneous letter. Petitioner argues that this was the only correct letter; all the others were incorrect. It is likely that all of the letters were issued in error: Letters 916C and 105C because petitioner had not filed a claim for refund, and Letter 4364C because the IRS made no corresponding adjustment to petitioner's account. Regardless of what the prior error was, when given the opportunity at trial, petitioner offered no support for his position that Letter 4364C was correct.

**[\*7]**   Respondent does not dispute that petitioner did not have a prior opportunity to challenge his 2005 liability, putting his underlying liability at issue before us.[3] Where, as here, the underlying tax liability is at issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  The taxpayer bears the burden of proof regarding his or her underlying liability. See Rule 142(a).  As we noted at trial, while we could consider the underlying liability de novo, there is no evidence for us to consider because petitioner produced no evidence to substantiate the adjustments that he claimed on his amended return.

Petitioner has not offered any authority for his proposition that Letter 4364C is a binding determination, nor could we find any such authority.  Petitioner does not claim that Letter 4364C is a closing agreement under section 7121 or compromise under section 7122.  And we know of no other notice that would bind the IRS in the way petitioner claims.  Even a notice of deficiency is not so binding; our Rules anticipate that the IRS may assert new matters, increases in deficiency, and affirmative defenses in an answer although the IRS will bear the

---

[3] The parties have not explained the basis for the statement in the notice of determination that petitioner had had a prior opportunity to challenge his liability; but as respondent does not take this position, we will not concern ourselves with the provenance of the statement.

**[*8]** burden of proof as to those matters. Rule 142(a); see also secs. 6212(a),

6214(a).

Nor do we accept petitioner's argument that the IRS never revoked the

"correct allowance letter". The IRS never adjusted petitioner's account transcript,

and it issued the levy and lien notices at issue here. It is well established that the

IRS is not bound by erroneous, incorrect, or incomplete advice given by agents.

Bornstein v. United States, 170 Ct. Cl. 576, 582 (1965); Schwalbach v.

Commissioner, 111 T.C. 215, 228 n.4 (1998).[4] And, as part of the administrative

review of the proposed collection actions, the IRS made certain adjustments to

petitioner's underlying liability. That review did not result in wholesale

acceptance of petitioner's amended return, but such a de novo review is the relief

that petitioner sought from Appeals and is entitled to before us, not acceptance of

his amended return without change.

We also reject petitioner's argument that Letter 4364C was a

"determination" within the meaning of section 1313 because it was "a final

---

[4] Petitioner did not argue that the doctrine of equitable estoppel applies; that is the usual argument when the IRS issues erroneous letters or notices. In any event, petitioner identified no detrimental reliance on the erroneous letter, and therefore the doctrine would not provide any relief. See, e.g., Graff v. Commissioner, 74 T.C. 743, 761-765 (1980), aff'd, 673 F.2d 784 (5th Cir. 1982). Petitioner did rely on Letter 4364C at trial, but was given the opportunity to offer evidence of his underlying liability and chose instead to rely only on Letter 4364C.

[*9] disposition". The statute provides that "a claim for refund shall be deemed finally disposed of * * * as to items with respect to which the claim was allowed, on the date of allowance of refund or credit". Sec. 1313(a)(3). But Letter 4364C does not indicate the amount allowed, and no corresponding changes were made to petitioner's account transcript. More generally, the mitigation provisions of sections 1311 to 1314 do not apply to correct the error petitioner alleges needs mitigating, namely the allegedly erroneous issuance of the levy notice and the lien notice to him. Secs. 1311 and 1312; see Beaudry Motor Co. v. United States, 98 F.3d 1167, 1168 (9th Cir. 1996); Costello v. Commissioner, T.C. Memo. 2016-33, at *7-*8.

While petitioner alleges that the settlement officer violated section 6330,[5] the alleged violation (a failure to discuss adjustments to petitioner's underlying liability) relates to the determination of petitioner's underlying liability. But when a taxpayer's underlying liability is at issue, we review that underlying liability de novo. And in our de novo review of a taxpayer's underlying liability we consider evidence of that taxpayer's income and deductions; we do not review actions taken by the Commissioner during the audit process for abuse of discretion. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974)

_____

[5] Petitioner cited sec. 6303; we assume sec. 6330 was intended.

**[\*10]** (describing the rationale for not looking behind a notice of deficiency as "the fact that a trial before the Tax Court is a proceeding de novo; our determination as to a petitioner's tax liability must be based on the merits of the case and not any previous record developed at the administrative level").

Petitioner cites section 6404(a) as authority for abatement. That would require us to conclude that the amounts were excessive, but we have no evidence on which we could base such a conclusion. And abatement under section 6404(a) is not available with respect to assessments of income tax. Sec. 6404(b).

Finally, we cannot accept petitioner's argument that Letter 4364C is credible evidence of his underlying liability shifting the burden of proof to respondent pursuant to section 7491. Because Letter 4364C conflicts with others, it serves to establish only that the IRS issued at least one erroneous letter to petitioner. The question is which one (or ones). We agree with petitioner that it is possible that the IRS issued three incorrect letters before issuing a correct letter. But petitioner offered no evidence to support his position that Letter 4364C was correct and the preceding three letters were incorrect, even though he was entitled to de novo review of his underlying liability. Therefore we hold that petitioner has not met the requirements of section 7491 to shift the burden of proof to respondent. See sec. 7491(a)(1) (requiring a taxpayer to "introduce[] credible

**[*11]** evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer").

Petitioner, who was represented by counsel, chose not to produce evidence of his income and deductions even though his accountant testified that some supporting documentation did exist. He now must face the consequences of this choice as we reject his position and uphold the notice of determination.

## Conclusion

On the basis of our review of the evidence offered at trial, we conclude that Appeals satisfied the verification requirements of section 6330 and did not abuse its discretion in sustaining the proposed collection actions. Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order and decision will be entered.